# Pique, Manier & Hall *v.* Arendale.

*Statutory Real Action in the Nature of Ejectment.*

| 71  | 91  |
|-----|-----|
| 102 | 240 |
| 71  | ·91 |
| 107 | 680 |

1. *Consideration of deed in contest between grantee and creditors of grantor; rule as to admissibility of parol evidence.*—The rule that the consideration clause of a deed can not be varied by parol evidence in a contest between the grantee and the creditors of the grantor, merely prohibits parol proof of a consideration of a different kind from that expressed in the deed—as proof of a valuable consideration when a good consideration is expressed, or proof of a good consideration when ,a valuable consideration is expressed; it does not restrict the grantee to proof of the precise consideration recited in the deed, but he may show any consideration of the same kind.

2. *Same.*—It is competent for a grantee in a deed which recites a moneyed consideration, in a contest between him and a judgment creditor of the grantor, to show in support of the deed, that the true consideration was partly the payment of a debt or legal liability due from, or resting upon the grantor, and partly a promise on the part of the grantee to pay the grantor a specific sum of money.

3. *Same; when not regarded with suspicion.*—The fact that the true consideration of a deed was the payment of a debt or legal liability due from or resting upon the grantor, and the grantee's promise to pay the grantor a stated sum of money, while the recited consideration was money paid, does not of itself constitute a badge of fraud, or cause the transaction to be regarded with suspicion in a contest between the grantee and a judgment creditor of the grantor.

4. *When possession of real estate implied notice of vendor's title.*—The open possession of land by the tenant of a vendee who claims title under an unrecorded deed, operates as implied notice of the vendee's title to a creditor of the vendor, who, during the continuance of such possession, recovered judgment and purchased the land under an execution issued on the judgment; and such notice protects the vendee's title as effectually as the registry of his deed would have done.

5. *Payment of a debt as consideration of a deed; when sufficient.*—In a contest between a vendee and a judgment creditor of a vendor, it is immaterial whether a debt, the payment of which constituted the consideration of the deed, was contracted prior to, or contemporaneously with the execution of the deed, as, in either event, it is a valuable consideration, which, if adequate and free from fraud, will uphold the deed.

APPEAL from Jackson Circuit Court.

Tried before Hon. H. C. SPEAKE.

On 16th April, 1879, James A. Pique, James W. Manier and Lewis W. Hall commenced this action against William Allford, tenant of James Arendale, to recover certain land situate in Jackson county ; and Arendale was, on his motion, made a party defendant under the statute. The plaintiffs and the defendant Arendale claimed title under one Lowrey Partin, the plaintiffs claiming under a sheriff's deed executed in July, 1878,

and Arendale directly from Partin under a deed executed by him on 31st January, 1877.

On the trial the plaintiffs proved that on the 8th March, 1877, they recovered a judgment in said court against Partin for $403.43 founded on a debt which was contracted 7th June, 1876, and that under an execution issued on the judgment the land sued for was sold by the sheriff on the first Monday in July, 1878, and was purchased by the plaintiffs for $200, which was paid by crediting that sum, less costs of suit and expenses of sale, on the judgment; that thereupon the sheriff executed a deed conveying to them Partin's interest in said lands; that executions were duly kept up from the date of the rendition of the judgment to the date of sale; that the summons in said suit was served on Partin on 15th January, 1877; that another suit was commenced against Partin by other parties, and the summons therein was served on him on 27th January, 1877, and judgment rendered on 8th March, 1877, for $355.22; and that Partin was insolvent on 31st January, 1877.

The defendant Arendale then proved and read in evidence a deed executed by Partin on 31st January, 1877, conveying to him the land sued for, the consideration recited in said deed being eight hundred dollars "to him in hand paid the receipt," etc. It was also shown that this deed was duly acknowledged and delivered on said day by Partin, but was not filed for record until 2d of October, 1877; and that said defendant, by his tenants, took possession of said land on 5th March, 1877, and afterwards continued in the possession thereof. The defendant Arendale was examined as a witness in his own behalf, whose testimony was, in substance, that in the spring of 1874, he sold Partin one hundred and sixty-three acres of land adjoining the land in controversy in this suit for $2,000, payable in annual installments of $500 each, and executed bond for title, taking Partin's notes for the purchase-money, and at the same time sold him some personal property; that these notes were not fully paid as they fell due, Partin having only paid about $300 thereon; that in the fall of 1876, when the third note became due, defendant, being satisfied that Partin was unable to pay for the land, agreed with him to rescind the trade; but that, in the meantime, Partin had sold forty acres of the land which he had purchased from defendant; that thereupon the defendant purchased from Partin the land sued for in this action, and Partin executed to him the deed of 31st January, 1877, in consideration of said forty acres which Partin sold, and which defendant did not recover, estimated at $400, and of the damages which defendant had sustained from Partin's failure to pay for said land sold to him by defendant, estimated at $150 *per annum* for three years, amounting in the aggregate,

to $450, and in consideration of the further sum of $100, for which defendant gave his note to Partin, payable the next fall, which was afterwards transferred by him to a third party, and paid by the defendant, thus making the consideration of said deed amount to the sum ot $950. To the testimony of Partin stated above the plaintiffs objected, on the ground that it tended to prove a consideration different from that expressed in the deed; but the court overruled their objection, and allowed the testimony to go to the jury, and they excepted. Said defendant further testified, that at the time Partin executed to him said deed, he did not know that Partin was insolvent; but he admitted on cross-examination facts tending to show, that he knew Partin was financially embarrassed, There was no evidence introduced on the trial tending to show that plaintiffs had any actual notice of the deed executed to defendant by Partin, until after it was recorded, in October, 1877.

The foregoing being substantially all the evidence bearing on the issues between the parties, the plaintiffs requested the court in writing to give to the jury the following charges: 1. "If Arendale omitted to record his deed from Partin for more than three months from its date, and the plaintiffs recovered their judgment against Partin without notice of said unrecorded deed, then the plaintiffs acquired a lien not limited or avoided by the deed to Arendale, and under which lien a perfect title was acquired by the plaintiffs, as purchasers at the sheriff's sale." 2. "It devolves upon the defendant to prove the consideration of his deed as it is expressed therein; and any evidence tending to show a different consideration than that expressed therein should be looked upon with suspicion." 3. "If the debt, which is claimed by the defendant to have been a part of the consideration of the deed to him from Partin, had no legal existence until after the rescission of the 163 acre land trade between them; and if the rescission of that contract was made at the same time the deed in evidence from Partin to Arendale was executed, then such consideration is not a pre-existing debt." These charges the court separately refused to give, and the plaintiffs duly excepted. The court then charged the jury, at the written request of the defendant, that "if the jury believe from the evidence, that the detendant, James Arendale, was in possession of the land in suit, or his tenants were in possession of said land, at the time plaintiffs recovered judgment, plaintiffs are not judgment creditors without notice, unless they find that the deed under which Arendale held was fraudulent, and that Arendale knew of, and participated in the fraud." To this charge the plaintiffs excepted.

The defendant obtained a judgment on verdict, from which

[Pique, Manier & Hall v. Arendale.]

the plaintiffs appealed; and they now assign as error the rulings above noted.

W. L. MARTIN, for appellants.—(1) A judgment creditor may, at law, proceed under execution to a sale of lands which his debtor has fraudulently aliened; and the purchaser may recover the land, in ejectment, from the fraudulent grantee.—*Carter v. Castleberry*, 5 Ala. 277; *Flewellen v. Crane*, 58 Ala. 627. (2) If the creditor's debt antedates the deed, the burden of proof is on the grantee to prove the payment of the purchase-money, or, if the deed was taken in payment of a pre-existing debt, to prove the existence and validity of such debt. *Hamilton v. Blackwell*, 60 Ala. 545. (3) A deed impeached by creditors for fraud, actual or constructive, can not be supported by evidence of a consideration different from that alleged in the deed.—*Murphy v. Branch Bank*, 16 Ala. 90. The writing is the sole expositor of the contract, and when assailed by creditors, it must be taken, as to the parties, as it is written.—*Potter v. Gracie*, 58 Ala. 303; Bump on Fraud. Con. 557. (4) Unrecorded conveyances are void as against judgment creditors without notice.—*Daniel v. Sorrells*, 9 Ala. 436; *Wallis v. Rhea & Ross*, 10 Ala. 451; S. C. 12 Ala. 646; *Jordan v. Mead*, 12 Ala. 247; *Pollard v. Cocke*, 19 Ala. 188; *Fash v. Ravieses*, 35 Ala. 451; *De Vendell v. Hamilton*, 27 Ala. 156; *Wood v. Lake*, 62 Ala. 489. See also *Betz v. Mullin*, 62 Ala. 365; Freeman on Ex. § 335. (5) A conveyance which misrepresents the transaction to which it relates, is at all times the object of doubt and suspicion.—*Pickett v. Pipkin*, 64 Ala. 520. (6) There is a well defined distinction between sales made in payment of an antecedent debt, and those made on a new consideration.—*Crawford v. Kirksey*, 55 Ala. 282. By the rescission of the land trade, Arendale's legal claims against Partin were satisfied. But not content with securing his own demand, he goes further and reaps a benefit voluntarily conferred by his debtor, stripping him of his land, with $100 evidenced by note, and $400 on the score of "*damages.*" Under an executory contract of purchase, the vendee is free from liability to account for rents and profits, or damages for use and occupation. The unpaid purchase-money is the measure of liability. *Micou v. Ashurst*, 55 Ala. 607. The debt forming a consideration which will, as against creditors, support a transfer of property, must rest, not in moral, but in legal obligation, and the law must furnish a remedy for its enforcement.—*Hubbard v. Allen*, 59 Ala. 283. (7) The court erred in giving the charge asked by the defendant. It should have been left to the jury to determine, from the evidence, whether plaintiffs obtained their judgment against Partin without notice of the unrecorded

[Pique, Manier & Hall v. Arendale.]

deed to Arendale. Implied notice resulting from possession is subject to be rebutted or explained.—1 Story's Eq. 410 *a*. Possession suggests an inquiry into the claim of the possessor, and "such notice will be imputed to a purchaser only where it is a reasonable and just inference from the facts."—Herman on Ex. § 333. It has never been held in this State that the presumption of notice arising from possession is conclusive. See *Rogers v. Jones*, 8 N. H. 264; *Nutting v. Herbert*, 37 N. H. 346; *Harris v. Arnold*, 1 R. I. 125. In this case the possession was by tenants only three days before judgment. In every case heretofore decided by this court, in which possession is held sufficient notice of an unrecorded deed, the possession relied on was for a period of years, and was adverse and notorious. *Strickland v. Nance*, 19 Ala. 233; *Powell v. Allred*, 11 Ala. 318.

R. C. HUNT, *contra*.—(1) The evidence of the actual consideration of the deed from Partin to defendant did not tend to show a consideration different in kind from that expressed in the deed, and was therefore admissible.—*Hubbard v. Allen*, 59 Ala. 283. (2) The first charge requested by appellants was, no doubt, based on the case of *Wood v. Lake*, 62 Ala. 489; but that case is not in point. The deed executed to Arendale is not one of the instruments provided for in section 2166 of the Code. It was an absolute conveyance, founded on a valuable consideration. (3) Arendale was in possession at the time appellants' judgment was rendered. This constituted notice. The appellants were not, therefore, judgment creditors without notice. 9 Ala. 208; 12 Ala. 734; 12 Ala. 17; 64 Ala. 388; *Brunson v. Brooks*, 68 Ala. 248. (4) The deed from Partin was not only founded on a valuable consideration, but it must be presumed in this case that such consideration was adequate. There is no evidence tending to show that it was inadequate, or that there was any fraud in the transaction.

BRICKELL, C. J.—The general rule relied upon by the appellants, in support of the exception to the admission of evidence showing the precise consideration of the conveyance from Partin to Arendale, and of the exception to the refusal of the second instruction requested, is unquestioned. The consideration clause of a deed can not be varied by parol evidence in a contest between the grantee and the creditors of the grantor. If the deed recited only a *valuable* consideration, it can not be supported by evidence of a *good* consideration. Or, if it recited only a *good* consideration, it can not be supported by evidence of a *valuable* consideration. But the rule is not that the *precise consideration* must be proved, as it may be recited. Any

consideration, greater or less, of the same kind, may be shown, and will support the conveyance, if otherwise fair. In this respect the matter of consideration is open to parol evidence in any direction. Thus, if the deed should recite as its consideration one dollar in hand paid, evidence that the real consideration was the present or precedent debt of the grantor of one thousand dollars would be admissible; or it would be admissible to show that the purchase-money was not paid, but secured by the promise of the grantor to pay it. The character of the consideration would not be varied; that recited and that proved would not vary in kind, but only in degree, and either would be sufficient for the common purpose of expressing the consideration, estopping the grantor from denying its existence, and rebutting the presumption of a resulting trust. It was entirely proper to permit Arendale to show that the real consideration of the conveyance under which he claimed title to the premises in controversy, was not money passing from him to the grantor, but payment of a debt or a legal liability, due from or resting upon the grantor, and the promise to pay the grantor a specific sum of money.—*Murphy v. Br. Bank Mobile*, 16 Ala. 90; *Potter v. Gracie*, 58 Ala. 303; *Hubbard v. Allen*, 59 Ala. 283.

If the evidence had shown or tended to show a different consideration from that expressed in the deed, it would not only have been regarded with suspicion, but would have been inadmissible. Or if there had been a gross exaggeration of the consideration, attended with other badges of fraud, the exaggeration would have been a suspicious circumstance. But it is not true, as the second instruction requested, when construed in connection with the evidence, must be regarded as asserting, that the expression of the consideration of money paid, and proof that the actual consideration was the payment of a debt, or the promise to pay money, is regarded with suspicion. It is too frequent to express money paid as the consideration, with much of indifference as to the sum, whenever a valuable consideration of any species is the actual consideration, for suspicions of unfairness or jealousy of the transaction to be indulged, in the absence of all badges of fraud.

The statute pronounces void, as to purchasers for a valuable consideration, mortgagees and judgment creditors, without notice, all conveyances of unconditional estates in lands, or mortgages or instruments in the nature of a mortgage, conveying real property to secure a debt created at the date thereof, unless recorded within three months from their date.—Code of 1876, § 2166. Notice of the conveyance, by the terms of the statute, equally with registration, preserves its validity. Before the appellants obtained judgment against Partin, before they were in relation to claim the protection of the statute as against the

[Pique, Manier & Hall v. Arendale.]

conveyance to Arendale, the actual possession of the premises had passed in accordance with the terms, legal effect and operation of the conveyance, from Partin to Troxwell, who entered and was holding visibly and notoriously as the tenant of Arendale. For a long period of time it has been the doctrine of this court, announced in numerous decisions, that as to judgment creditors, the open possession of lands accompanied with acts of ownership—to employ the words of ORMOND, J., in *Burt v. Cassity*, 12 Ala. 739—"is an implied notice, quite as effectual as the implied notice from the registry of the deed, and as potent in its effects as an actual notice of the existence of the deed before the judgment was obtained." The visible possession of land, the exercise of dominion over it, the taking of its rents and profits, must be sufficient in itself and of itself to put any man of ordinary prudence, seeking to acquire an interest in the land, or to charge it, in hostility to the possessor, upon inquiry as to the right in which the possession is claimed. Putting him upon inquiry, it must operate to perfect and secure the title of the possessor as effectually as the registry of his title deeds.—*Ohio Life Ins. & Trust Co. v. Ledyard*, 8 Ala. 866; *Smith v. Zurcher*, 9 Ala. 208; *Daniel v. Sorrells, Ib.* 436. Of the conveyance from Partin to Arendale, the appellants are chargeable with notice at the time of the rendition of their judgment, and as the possession was continuous until the sale by the sheriff, having notice, the neglect of Arendale to register the conveyance is not material to them. There was no evidence tending to show that the rescission of the contract of sale, so far as it formed part of the consideration of the conveyance, was not an adequate consideration. It is not of importance whether that consideration is regarded as a debt pre-existing the conveyance, or as cotemporaneous with its execution. In either view, in the absence of all evidence of unfairness, or that from any improper motive it was imported into the consideration, it is not material wether it is regarded as a present or as an antecedent debt, satisfied or surrendered; either is a valuable consideration.

We find no error in the record, and the judgment must be affirmed.