# Vandiveer *v.* Stickney.

*Statutory Real Action in the Nature of Ejectment.*

1. *Possession of land under parol gift; when adverse.*—Possession of land by a donee, under a mere parol gift, accompanied with a claim of right, is an adverse holding as against the donor, which, if continued without interruption for ten years, is protected by the statute of limitations, and matures into a good title.

2. *Same.*—That such a parol gift conveys no title, and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar is complete, is immaterial; it is evidence of the beginning of an adverse possession by the donee, which can only be repelled by showing a subsequent recognition of the donor's superior title.

3. *Same; when conveyance rendered void by adverse holding.*—A mortgage of the land by the donor to a stranger, during such adverse possession by the donee, is void, although the donee may know that his title is defective, and the mortgagee has no actual notice of the adverse holding.

4. *Adverse possession of land under parol gift; effect of subsequent possession by donor as donee's tenant.*—The fact that the mortgagor was, in such case, in the temporary occupancy of a portion of the land, at the time of the execution of the mortgage, is immaterial, if he entered after the commencement of the donee's adverse possession, and holds as a mere tenant of the latter, fully recognizing his title as landlord and owner; the settled doctrine in this State being, that the possession of the tenant is the possession of the landlord, and notice of the former is notice of the latter.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES E. COBB.

This was a statutory real action in the nature of ejectment, brought by William P. Vandiveer against Henry G. Stickney and Mary E. Stickney; was commenced on 17th May, 1880; and, as to that portion of the land actually in controversy,—to which a disclaimer filed by the defendants did not apply,—the cause was tried on issues joined on the pleas of not guilty and the statute of limitations of ten years, the trial resulting in a verdict and judgment for the defendants.

The evidence introduced on behalf of the plaintiff tended to show that "the property sued for was the property of R. B. Owens at his death; that the said Owens died intestate, in the year 1862, leaving as his only heirs at law his children, William, Edwin, and Emma Owens, and Mrs. Stickney, the defendant; that

15

[Vandiveer v. Stickney.]

said Emma died in March, 1869, unmarried, and without children;" that on 16th June, 1870, said Edwin and William Owens executed to the plaintiff a mortgage on an undivided two-thirds interest in the land described in the complaint, to secure money then loaned to them by the plaintiff; and that said debt had not been fully paid.

The evidence introduced on behalf of Mrs. Stickney tended to show that her sister Emma, at the time of her death, was about sixteen years of age; that prior to her death she expressed a desire that Mrs. Stickney should have her interest in her father's estate, on account of her care for her, and on account of the money she had spent for her; that within a few days after the death of the said Emma, Edwin and William Owens and Mrs. Stickney "met and discussed the matter between them, and it was agreed between them that Mrs. Stickney should have said Emma's interest in said property;" that this agreement was verbal; that from the time of said agreement, Mrs. Stickney entered into the possession of said property "by herself, or her husband, as trustee, or tenants, claiming the entire property. as her own in good faith, continuously, openly, notoriously and adversely;" that she has continued "in such possession of the same by herself, husband or tenants, and was in such adverse possession at the time of the execution of said mortgage to the plaintiff, she, at that time, and ever afterwards, claiming the said property as her own, in good faith, openly, notoriously and adversely to her brothers and all the world;" that on 21st February, 1870, the said Edwin executed a deed, conveying to Mrs. Stickney his undivided interest in said property, which deed was duly recorded; that the said William "had conveyed to Mrs. Stickney his undivided one-fourth interest in his father's estate, of which he was possessed, before his sister Emma's death, and that the deed conveying said interest was duly executed, prior to the death of his sister Emma, and upon a valuable consideration; that the only right to said William's one-twelfth interest in said real estate, acquired through his said sister Emma, claimed by Mrs. Stickney, was under and through said verbal agreement, and the adverse possession thereof as aforesaid;" and that after said verbal agreement, neither the said William nor the said Edwin ever asserted any right, title, claim or interest in or to the share of the said Emma in said property.

"Plaintiff then introduced evidence tending to show that Edwin and William Owens were in possession of said stables and stable lot [a part of the property in controversy] in the spring of 1870, and at the time of the execution of said mortgage; and there was also evidence introduced by defendants, tending to show that the said William and Edwin Owens, while

[Vandiveer v. Stickney.]

in possession as aforesaid, at the time of the execution of said mortgage, were there as the tenants, and employees of the defendants Stickney and wife, and in no other capacity. The said plaintiff also testified that he had no knowledge of the claim or title of Mrs. Stickney to the interest of her said brother William in said Emma's one-fourth of said property described in said mortgage."

The foregoing was the substance of the evidence introduced on the trial bearing on the questions decided by the court. The plaintiff reserved numerous exceptions to charges given and refused, which the opinion does not render necessary to set out.

Those charges are, here assigned as error.

TROY & TOMPKINS and DAVID CLOPTON, for appellant.

RICE & WILEY, BRAGG & THORINGTON and JOHN G. WINTER, contra.

SOMERVILLE, J.—We discover no error in the rulings of the circuit court, as shown in the present record.

In Collins v. Johnson, 57 Ala. 304, it was decided that an uninterrupted, continuous possession of lands by a donee, under a mere parol gift, accompanied with a claim of right, is an adverse holding as against the donor, and will be protected by the statute of limitations, thus maturing into a good title by the lapse of ten years. The fact is immaterial that such a parol gift of lands conveys no title, and only operates as a mere tenancy at will, capable of revocation or disaffirmance by the donor at any time before the bar of the statute is complete. It is evidence of the beginning of an adverse possession by the donee, which can be repelled only by showing a subsequent recognition of the superiority of the title of the donor. The essence of adverse possession is the quo animo or intention with which the possession is taken and held by a defendant. It is, in the settled language of the books, the intention which "guides the entry, and fixes its character."—Angell on Lim. § 386; Ewing v. Burnet, 11 Peters (U. S.), 41. Even where the technical relation of landlord and tenant exists, and despite the settled rule that a tenant will not be permitted to dispute the title of his landlord, there is no principle of law or of public policy which forbids a tenant from holding adversely to the landlord, so as to acquire title of the demised premises under the operation of the statute of limitations. But in all such cases, the presumption in the first instance is, that the tenant's possession is permissive and in subordination to the title of the landlord, and there must be clear and positive proof of a disclaimer or renunciation of the superior title, brought home

[Vandiveer v. Stickney.]

to the knowledge of the landlord with unquestionable certainty.—Angell on Lim. § 444; 2 Brick. Dig. p. 200, §§ 101, 102.

The evidence tended to show that the defendants held adverse possession of the lands in suit for more than ten years prior to the commencement of the action. The undivided interest of Emma Owen, which on her death descended in part to her two brothers, William and Edwin, was released by parol to their other sister, Mrs. Stickney, who is one of the defendants. Her adverse possession commenced at this time, which was about the middle of March, 1869, and is shown to have continued, without any subsequent recognition of the title of her donors, until the commencement of this suit, in May, 1880. The mortgage executed by the two brothers to Vandiveer, the plaintiff, in June, 1870, did not change the adverse nature of Mrs. Stickney's possession, nor operate in any manner to stop the running of the statute.

This mortgage, moreover, is shown to have been executed by the mortgagors during the period of Mrs. Stickney's occupancy and adverse holding, the hostile character of which was not only known to them, but, in its inception, was expressly authorized by their parol release of the deceased sister's interest in the mortgaged lands. The mortgage was therefore void as tending to promote champerty and maintenance by traffic in litigated titles. The rule of law rendering conveyances of lands void, when held adversely, is, in part, one of public policy, designed to "throw obstacles in the way of asserting doubtful rights to the prejudice of occupants."—*Olay v. Wyatt*, 6 J. J. Marsh. 583; *Bernstein v. Humes*, 60 Ala. 582. "It seems," says Chancellor Kent, " to be the general sense and usage of mankind, that the transfer of real property should not be valid, unless the grantor hath the capacity as well as the intention to deliver possession."—4 Kent. 448.

To avoid a conveyance on this ground, it is not requisite that such adverse possession should be asserted under any color of title, but only under claim of right. But it must be *actual* as distinguished from constructive possession.—*Bernstein v. Humes*, 71 Ala. 260; *Eureka Co v. Edwards*, *Ib.* 248 Nor is it required that the mortgagee, or other purchaser should have actual notice of such adverse holding, in order to vitiate the conveyance. The constructive notice implied from possession is sufficient.—*Bernstein v. Humes, supra.*

Nor, yet again, does a knowledge by one in actual possession, claiming title, that his title is defective, avail to destroy its adverse character. The test is the actual claim, and not the *bona fides* of it, in all cases, at least, where the possession is actual and not merely constructive.—*Smith v. Roberts*, 62 Ala. 83 ;

[Kelly v. Hancock.]

*Alexander v. Wheeler*, 69 Ala. 332 ; *Gordon, Rankin & Co. v. Tweedy*, 74 Ala. 232.

These principles are all pertinent to the present case, and were recognized in the rulings of the court.

The doctrine settled in this State is, that the possession of the tenant is the possession of the landlord, and notice of the former is notice of the latter. The reason is, as observed in a former decision, that an inquiry of the occupant will be likely to lead to a knowledge of the fact that he is a mere tenant, holding, not in his own right, but in the right of another who is his landlord.—*Brunson v. Brooks*, 68 Ala. 248 ; *Pique v. Arendale*, 71 Ala. 91 ; Wade on Notice, §§ 284-286 ; *Burt v. Cassety*, 12 Ala. 734.

It was immaterial, therefore, that the mortgagors were in the temporary occupancy of a portion of the property sued for at the time of the execution of the mortgage, in the year 1870, provided they entered after the commencement of Mrs. Stickney's adverse possession, and as mere tenants, fully recognizing the superiority of her title as owner and landlord. Purchasers from tenants are as fully precluded as the tenants themselves, from disputing the title of their landlord.—Taylor's Land.& Ten. § 91 ; *Bishop v. Lalouette*, 67 Ala. 197. The principle settled in *McCarthy v. Nicrosi*, 72 Ala. 332, does not conflict with this view. There the possession of the vendor and purchaser was joint, both being in actual possession at the time the deed was executed. It was held that, in as much as there was no visible change of possession, a third person purchasing would not be charged with constructive notice of the unrecorded deed of the first vendee. If, however, the vendor had openly and visibly yielded exclusive possession to the vendee, and had afterwards gone in as a mere tenant, the rule would have been otherwise. Such is this case, in fact, as well as in principle and legal effect.

Judgment affirmed.