300 So.2d 822

**GULF OIL CORPORATION**

v.

**Stephen H. BECK and Daisy I. Beck.**

**SC 769.**

Supreme Court of Alabama.

Sept. 19, 1974.

Gibbons, Stokes & Clark, Mobile, for appellant.

Richard L. Thiry, Mobile, for appellees.

MADDOX, Justice.

The question presented by this appeal is whether actual possession by a vendee under an unrecorded deed is "notice" to a subsequent judgment creditor of the vendor so as to prevent the judgment's creditor's lien from attaching.

Grantors, Joseph C. Thompson and Lucille J. Thompson, conveyed a lot in a subdivision in Mobile County to Stephen H. Beck and Daisy I. Beck. The deed was dated August 22, 1966. The Becks went into possession immediately, but did not record their deed in the probate office until August 1, 1973. During the interim, on October 6, 1967, Gulf Oil Corporation obtained a judgment against the Thompsons (vendors). Gulf recorded its judgment.

The Becks claimed they had no knowledge of the Gulf judgment lien until they tried to sell their lot in 1973. They filed this action to remove the Gulf judgment lien as a cloud upon their title. The facts are not disputed. Both parties filed motions for summary judgment. The trial court granted summary judgment to the Becks and removed Gulf's lien as a cloud on the Becks' title. Gulf appeals.

The question presented is:

Is actual possession of land under a purchase such "notice" to a creditor as will prevent the creditor's judgment lien from attaching upon it, though the deed is not recorded? We hold that it is. Therefore, we affirm the judgment of the trial court. Burt v. Cassety, 12 Ala. 734 (1848).

In *Burt,* complainant purchased land from her son and was put in possession. The deed was delivered to the vendee, but was never recorded. Creditors subsequently obtained a judgment against the vendor. Execution of the judgment was issued and levied on the land. Complainant asked that creditors be enjoined from selling the land in satisfaction of their judgment. This Court said:

" * * * Actual notice of the execution of the deed, is not brought home to the creditor * * * but the possession by the vendee, of the land, and the exercise of ownership over it by her, is an implied notice, quite as effectual as the implied notice from a registry of the deed, and as potent in its effects as an actual notice of the existence of the deed, before the judgment was obtained.

"Our registry acts place creditors, and subsequent purchasers, upon the same footing, as to unregistered deeds; but the term creditor in the statute, does not mean creditors at large of the grantor,

**160**

but such creditors as by obtaining a judgment against him, have acquired a *lien*, without notice of the existence of the deed, either express or implied. (Citations omitted.) That possession by the vendee, is constructive notice of the conveyance, so as to defeat a subsequent purchaser, and prevent the judgment creditor from obtaining a *lien*. (Citations omitted.)

"It results from this view, that as the judgment creditor had, by the possession of the complainant, constructive notice of her title, he acquired no *lien* upon the land, in virtue of his judgment." 12 Ala. at 739.

Other cases have reiterated the doctrine that as to judgment creditors, the open possession of lands constitutes implied notice. See Center v. The P. & M. Bank, 22 Ala. 743 (1853); Pique, Manier & Hall v. Arendale, 71 Ala. 91 (1881); Tutwiler v. Montgomery, 73 Ala. 263 (1882); King v. Paulk, 85 Ala. 186, 4 So. 825 (1888); Rankin Mfg. Co. v. Bishop, 137 Ala. 271, 34 So. 991 (1903).

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.