This case involves a boundary line dispute between two coterminous landowners. We affirm. *Page 144 
In 1949, Mr. Palmer Hicks built a fence between his land and the land owned by John and Frances Chism. The evidence is unclear as to whether the fence was intended by the parties be a "boundary line" fence. The boundary line between the two properties, as described in their respective deeds, is the "quarter-section" line.
Mr. Chism testified that since he had purchased the property in 1948, he had claimed all the land up to the fence built in 1949, and had therefore, by prescription, gained ownership of the property.
The majority of the evidence was in conflict. The plaintiffs (the Chisms) claimed the fence was built to mark the boundary between the two properties, while the defendants claim the fence was built merely to enclose a pasture.
After hearing the case without a jury, the trial judge made, in part, the following findings of fact:
 "1. The Plaintiffs, John W. Chism and Lillian Frances Chism, are the record owners of the following described real estate situated in Bibb County, Alabama.
 SW 1/4 of SW 1/4, Section 31, Township 22 North Range 11-East, and E 1/2 of SE 1/4 of SE 1/4 of Section 36, Township 22, Range 10 E, Bibb County, Alabama.
 "2. The Defendants, Leon Hicks, Lunis Hicks, and Ida Hicks, are the record owners of the following described real estate situated in Bibb County, Alabama.
 NW 1/4 of the SW 1/4, Section 31, Township 22, Range 11, East; and NE 1/4 of SE 1/4; Section 36, Township 22; Range 10 East, Bibb County, Alabama.
 "3. The Plaintiffs contended that they owned up to a fence constructed in 1949 by Palmer Hicks the deceased husband of Ida Hicks. The Plaintiffs claimed that the fence was recognized by the Plaintiffs and Defendants as being the boundary line which divided the property of the Plaintiffs and Defendants.
 "4. The testimony that came before the court was that the fence was built in 1949 by Mr. Palmer Hicks (deceased) for the purpose of enclosing a pasture. It was not placed on the true boundary line due to the rugged nature of the terrain along the quarter section line. That the area in contention is wild land and that Plaintiffs failed to show sufficiency of possession to establish the prescription.
 "5. The Court found no testimony as to any agreement between the parties that the fence would be the boundary line between the Plaintiffs and Defendants.
 "6. The Court finds that the quarter section line as established by Bill Ogletree registered surveyor in November 1979, is the true boundary line between the Plaintiffs and Defendants."
The essence of the plaintiffs' (appellants) argument in this appeal is that the ore tenus scope of review does not apply. As the appellants admit, the purpose behind this argument is to remove the very strong presumption of correctness in favor of the trial judge which exists under that standard of review. The appellants assert that the trial judge either (1) failed to exercise judicial discretion, (2) misapplied the law to the facts, or (3) made findings unsupported by the evidence.
We hold that the ore tenus rule does apply in this case and that none of the above assertions requires a reversal. Under that rule, a presumption of correctness attends a trial judge's conclusions on issues of fact. This Court will not disturb those conclusions unless plainly erroneous or manifestly unjust, and will affirm the trial judge's decision if, under any reasonable aspect, it is supported by any credible evidence. See Dicon, Inc. v. Great Atlantic and Pacific TeaCo., 381 So.2d 18 (1980).
Considering the record in light of this rule of review, we cannot say that the trial judge's decision was plainly erroneous, manifestly unjust, or unsupported by credible evidence. Therefore, we affirm.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur. *Page 145