Louise Baxter appeals from an order denying equitable relief against SouthTrust Bank of Dothan, N.A. ("SouthTrust"). We affirm.
On January 18, 1985, Baxter sold to Charles F. Griffith a building located in downtown Ashford, Alabama, for $40,000; Baxter agreed to finance the purchase for 10 years at 10% interest per annum. Along with the building, the purchase price covered fixtures or items of personal property associated with the building: front and back doors, lights, awnings, ceiling fans, gas heaters, a gas tank, shelves, and built-in cabinets. A warranty deed conveying the building to Griffith was filed with the Houston County probate office on May 17, 1985; a deed correcting the description of the building was filed on June 6, 1985.
On February 8, 1985, Baxter and Griffith executed a document entitled "Indenture";[1] Baxter drafted this document herself, and she contends that it is a mortgage against the building. Baxter did not record the Indenture until August 11, 1986, 18 months after its execution. No other documents relating to the building, its fixtures, or other property associated with the building were executed by either Baxter or Griffith.
Before purchasing the building, Griffith approached Ronnie Owens, a commercial loan officer with SouthTrust, about a loan, for which he subsequently applied. In his credit application, Griffith noted that the proceeds of the loan were to go toward the purchase of store stock and the building in question, and that the building would be used as collateral for the loan. Griffith later delivered a financial statement to SouthTrust (dated May 9, 1985), in which a mortgage to Baxter was noted. On May 24, 1985, SouthTrust acquired a real estate mortgage from Charles Griffith, Nancy E. Griffith, and Frank D. Griffith; it was recorded on June 26, 1985. Before SouthTrust acquired the mortgage, a title search was conducted and no mortgage or other recorded instrument concerning the building in question was found. A corrective mortgage between the Griffiths and SouthTrust was recorded on June 25, 1986. SouthTrust obtained a final title opinion dated June 26, 1986, that reflected its first mortgage on the building.
In November 1987, after experiencing financial difficulties, Charles Griffith was forced to close his business. Griffith rented out the building to another business, initially paying the rental income to Baxter, but he was later instructed by Manning Sanders (a loan officer for SouthTrust) to pay the rental income directly to SouthTrust. For a four-month period, SouthTrust forwarded the Griffith rental income *Page 803 
to Baxter, but it ceased this practice when Griffith filed a Chapter 7 bankruptcy petition. On March 11, 1988, SouthTrust foreclosed on the mortgage and purchased the building at a foreclosure sale.
Baxter filed a two-count complaint against the Griffiths and SouthTrust. Count 1 sought a determination that: (a) the "Indenture" was a valid legal mortgage, or, in the alternative, was an equitable mortgage; and (b) that the Indenture was entitled to priority over SouthTrust's recorded, executed mortgage. Count 2 stated a conversion claim against SouthTrust, seeking both actual and punitive damages. The trial court entered a summary judgment for SouthTrust on Baxter's conversion claim, and, after hearing the rest of the case, which was presented ore tenus, entered a final judgment in favor of SouthTrust. It is from this judgment that Baxter appeals.
The standard of review applicable to judgments based upon evidence presented ore tenus is well established and quite rigorous. As this Court stated in Humphries v. Whiteley,565 So.2d 96 (Ala. 1990):
 " '[W]here a trial court has heard ore tenus
testimony, as in this case, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and after all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong.' McInnis v. Lay, 533 So.2d 581, 582 (Ala. 1988) (citation omitted). Furthermore, '[t]his Court . . . will affirm the trial judge's decision if, under any reasonable aspect, it is supported by any credible evidence.' Chism v. Hicks, 423 So.2d 143, 144 (Ala. 1982) (citation omitted) (emphasis added). Finally, '[t]his Court cannot overturn [the] finding[s] of fact by the lower court unless the decision is unsupported by the evidence . . . and is plainly and palpably erroneous. . . . Further, the presumption of correctness exists even though there may be conflicting evidence.' Kershaw v. Knox Kershaw, Inc., 523 So.2d 351, 356 (Ala. 1988) (citation omitted) (emphasis added)." 565 So.2d at 102. See also Deloney v. Chappell, 570 So.2d 622
(Ala. 1990) (citing Humphries).
After a careful review of the record, we conclude that the judgment of the trial court is not plainly and palpably wrong.
Baxter contends that the Indenture she and Griffith executed should be treated as an equitable mortgage and should be given priority over SouthTrust's mortgage. To prove that the Indenture was indeed an equitable mortgage, Baxter must show: 1) that Griffith (as mortgagor) had a mortgageable interest in the property sought to be charged as security; 2) that a definite debt is due from Griffith (the mortgagor) to Baxter (the mortgagee); and 3) that their intent was to secure the debt by mortgage, lien, or charge on the property in question.Hall v. Livesay, 473 So.2d 493, 494 (Ala. 1985). Baxter has failed in proving that the Indenture is an equitable mortgage; specifically, she has failed to prove the third element of an equitable mortgage — intent.
On cross-examination, Baxter admitted that it was not her intent to hold a mortgage on the building:
 "Q. You had an agreement with him, you said, just like to get your personal property back, you were going to get your building back if he didn't pay you?
"A. What now?
 "Q. You said you were going to get your personal property back just like you were going to get your building back if he didn't pay you?
 "A. No. I didn't say that. I just said you are going to pay me for it.
 "Q. So, you didn't have any agreement about getting your building back, did you?
 "A. No. I don't want the building back, I want the money for it."
Baxter had been a director of the First National Bank of Ashford for about 30 years, and she testified that in that capacity she became very familiar with lending money and with financial transactions: *Page 804 
 "Q. And, in your capacity as a director of the bank, you became very familiar with loaning money, financial transactions and that type of thing, didn't you?
"A. Yes.
 "Q. You knew what was required when you took a mortgage on property, did you not?
"A. Yes.
 "Q. And, you understood what you needed to do to protect your interest when you sold property and took a mortgage back, didn't you?
"A. Yes.
 "Q. That came from having been on the board of directors for thirty years? Is that right?
"A. Yes."
It is clear from her testimony that Baxter did not intend to hold a mortgage on the building she sold to Griffith, and that she was aware of the requirements of acquiring a mortgage.
Under these facts, it is clear that SouthTrust's mortgage takes priority over Baxter's "Indenture," even if it could be construed as a mortgage. Ala. Code 1975, § 35-4-90(a), provides:
 "All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors."
As we noted in BancBoston Mortgage Corp. v. Gobble-Fite LumberCo., 567 So.2d 1337, 1338 (Ala. 1990), Alabama is a "title theory" state; therefore we have adopted the maxim "first in time, first in right." A mortgage will pass legal title to the mortgagee, leaving the mortgagor with an equity of redemption, and the priority of persons claiming an interest in the same property will be determined by the order in which they filed for record. Id., at 1338, citing Bailey Mortgage Co. v.Gobble-Fite Lumber Co., 565 So.2d 138 (Ala. 1990).
Baxter recorded her Indenture on August 11, 1986; SouthTrust had recorded its mortgage on May 24, 1985, and a corrective mortgage on June 26, 1985. SouthTrust was the first to file its mortgage; thus its interest in the object of the mortgage — the building in Ashford, Alabama — takes priority over any interest that Baxter may have through the Indenture.
Count 2 of Baxter's complaint alleged conversion by SouthTrust of fixtures and/or items of personal property associated with the building. The trial court entered a summary judgment for SouthTrust on the conversion count of Baxter's complaint. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. The trial court must determine: 1) that there is no genuine issue of material fact; and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56, RNH, Inc.v. Beatty, 571 So.2d 1039 (Ala. 1990). In determining if summary judgment is proper, the trial court must review the summary judgment motion in a light most favorable to the nonmovant, and, in reviewing a summary judgment, this Court is limited to reviewing the evidence considered by the trial court when it granted the motion. Turner v. Systems Fuel, Inc., 475 So.2d 539
(Ala. 1985).
Rule 56 is to be read in conjunction with the "substantial evidence rule" for actions filed after June 11, 1987. See Ala. Code 1975, § 12-21-12, Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Therefore, in order to defeat a properly supported motion for summary judgment, Baxter must present "substantial evidence" that SouthTrust committed conversion. We have defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). Baxter has not presented such evidence.
To constitute conversion, there must be a wrongful taking or a wrongful *Page 805 
detention or interference, an illegal assumption of ownership, or an illegal use or misuse of another's property.Covington v. Exxon Co. U.S.A., 551 So.2d 935, 938 (Ala. 1989). "The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where said plaintiff has general or special title to the property or the immediate right to possession." Ott v. Fox,362 So.2d 836 (Ala. 1978) (emphasis added). An action for conversion will not lie for the taking of real property, Faith, Hope Love, Inc. v. First Alabama Bank, 496 So.2d 708, 711
(Ala. 1986), nor will it lie for the taking of personal property that has been incorporated into real property. Hatfield v.Spears, 380 So.2d 262, 265 (Ala. 1980). Kemp Motor Sales v.Lawrenz, 505 So.2d 377, 378 (Ala. 1987).
Baxter testified that the sale of the building to Griffith included all fixtures and personal property within the building; thus, title to those fixtures and personal property passed to Griffith when title to the building was conveyed to him by Baxter. Baxter did not retain an enforceable security interest or lien upon any of the fixtures or personal property in question through which she could recover possession. See Ala. Code 1975, § 7-9-203(1). There was no conversion of Baxter's property, for SouthTrust took possession of no fixtures or personal property that Baxter either owned or had any right to possess.
The summary judgment in favor of SouthTrust on the conversion claim is affirmed, and the trial court's order denying Baxter equitable relief is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur. *Page 806 
 EXHIBIT A
State of Alabama
Houston County
 This indenture made and entered into this _____ 8th _____ day of _____ February _____, 1985 by and between Louise R. Baxter and Charles Franklin Griffith.
Witnesseth:
That Louise R. Baxter has agreed to sell to Charles Franklin Griffith for the sum of $40,000 at 10% interest to be paid over a period of ten (10) years (120 Payments), the following described property, to wit;
Parcel #1:
A building beginning at a point on the West side of Broadway Street 77 feet South of the edge of the sidewalk at S.W. intersection of Broadway and Church running West 80 feet, thence South 54 feet; thence East 80 feet, thence North 54 feet, to the point of beginning.
Parcel #2:
A lot beginning at the North West corner of said building and running West 20 feet, thence South 51 feet, thence West 70 feet, thence South 27 feet, thence East 90 feet, thence North 54 feet, to the point of beginning.
Charles Franklin Griffith agrees to pay Louise R. Baxter $528.60 a month for ten (10) years a total of 120 payments. This sum includes payment on the principal and 10% interest on the principal, a total of $63,432.00. Also, the monthly payment will either be mailed to or delivered to Louise R. Baxter by Charles Franklin Griffith prior to the fifth (5th) day of each month. Also, Charles Franklin Griffith agrees to carry insurance on the building, to cover any loss to the building.
Prepared by: Louise R. Baxter
 __________ Louise R. Baxter
__________ __________ Witness Charles Franklin Griffith
Filed this 11th day of Aug, 1986.
[1] A copy of this instrument is appended as exhibit A to this opinion. *Page 807