ROBERTSON, Presiding Judge.
Billy Ray Nelson and Bonnie Sue Nelson appeal from a summary judgment for Barnett Recovery Corporation (Barnett), in their action to have Barnett’s certificate of judgment declared void as to them.
The facts are undisputed. On June 15, 1992, Barnett obtained a judgment against Bobby Ray Owens in the amount of $7,497.92. On November 4, 1992, the Nelsons purchased certain real property from Owens and received a deed for the property. On November 6, 1992, Barnett recorded, in the Mobile County Probate Court, the June 15 judgment that it had obtained against Owens. On November 10, 1992, the Nelsons recorded their deed from Owens in the Mobile County Probate Court.
After learning that Barnett had filed its certificate of judgment, the Nelsons filed a declaratory action in the Mobile County Circuit Court, seeking a judgment declaring that the certificate of judgment filed by Barnett was void as to them.
Thereafter, both parties filed motions for summary judgment. The parties also filed a stipulation of facts on March 30, 1994. On April 1, 1994, the trial court denied the Nelsons’ motion for summary judgment, but granted Barnett’s motion. The Nelsons ap *281 peal from the resulting judgment. We affirm on the basis of “first in time, first in right.” Baxter v. SouthTrust Bank of Dothan, N.A., 584 So.2d 801, 804 (Ala.1991).
An appellate court reviewing a summary judgment employs the same standard utilized by the trial court. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). The burden is on the movant to show that there exists no genuine issue of material fact; howevér, once a party moving for a summary judgment establishes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992). The material facts in this case were stipulated to by the parties and are undisputed; therefore, we find the dispositive issue on appeal to be whether Barnett was entitled to a judgment as a matter of law.
The Nelsons first contend that, pursuant to § 35-4-90(a), Ala.Code 1975, the certificate of judgment is void as to them. Specifically, they argue that the recording statutes protect bona fide purchasers for value without notice, and that their rights as bona fide purchasers accrued when they purchased the property, i.e. when they received their deed, rather than when they recorded the deed.
Section 35-4-90, Ala.Code 1975, provides in pertinent part:
“(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.”
However, an unrecorded deed is only good between the grantor and grantee, and is void against judgment creditors without notice. Smith v. Arrow Transp. Co., 571 So.2d 1003 (Ala.1990); Payne v. Carver, 534 So.2d 566 (Ala.1988). Thus, a judgment creditor without notice who perfects a lien against the property has priority over subsequently recorded instruments, regardless of the date of execution or delivery of those instruments. Smith, supra; Johnson v. Haleyville Mobile Home Supply, Inc., 477 So.2d 328 (Ala.1985).
Furthermore, our supreme court has held that Alabama is a “title theory” state, meaning that we have adopted the maxim “first in time, first in right.” Baxter, 584 So.2d at 804. Therefore, when two or more persons claim an interest in the same piece of property, the order of priority is determined by the order in which the instruments or documents creating the interests are filed for record. See Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala.1990). In applying Alabama law to the facts of this case, it is clear that Barnett’s judgment lien had priority over the Nelsons’ deed. Although Barnett had not recorded its certificate of judgment at the time that the property was conveyed to the Nelsons, Barnett was the first to record and perfect its lien in the subject property. Barnett was “first in time” and thus, “first in right.” Baxter, supra. Accordingly, we conclude that Barnett was entitled to a judgment as a matter of law.
The Nelsons also argue that, because Barnett did not record its certificate of judgment until approximately 5 months after it had obtained the judgment, Barnett is guilty of laches and thus is estopped from asserting the superiority of its lien. However, the Nelsons cite no authority in its brief to support this contention as required by Rule 28(a)(5), Ala.R.Civ.P., nor do we find any such authority. See McLemore v. Fleming, 604 So.2d 353 (Ala.1992).
*282 Regarding the issue of laches, we note that if the Nelsons had recorded their deed on the date of purchase, Wednesday, November 4, 1992, or the next day, Thursday, November 5, or even on Friday, November 6, 1992, before Barnett recorded its judgment, they would have been entitled to summary judgment.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.