THOMAS, Judge.
 

 The Alabama State Employees Association (“ASEA”) appeals from a judgment of the Montgomery Circuit Court denying its request for declaratory and equitable relief with respect to real property occupied by Richard B. Sanks. We affirm the circuit court’s judgment.
 

 In September 2001, Richard B. Sanks (“the former husband”) and Taylor S. Sanks (“the former wife”) were divorced by the Montgomery Circuit Court. The divorce judgment incorporated a settlement agreement by which the former wife agreed to transfer to the former husband all of her right, title, and interest in the marital residence, which the couple had purchased in 1999. The former wife executed a quitclaim deed to the former husband on September 5, 2001. The quitclaim deed was not recorded until March 6, 2006.
 

 In the interim between the execution of the deed conveying the former wife’s inter
 
 *48
 
 est in the property to the former husband and the recording of that deed, ASEA obtained a judgment in the amount of $60,534.96 against the former wife. ASEA recorded the judgment on December 9, 2005. In August 2006, the sheriff levied on the property, the property was sold at public auction to ASEA, and ASEA recorded a sheriffs deed.
 

 ASEA’s complaint requested that the circuit court declare its ownership interest in the property, determine that the property could not be equitably divided, and order that the property be sold for a division. The former husband answered, asserting that he was the sole owner of the property. He attached to his answer a certified copy of the 2001 judgment divorcing him from the former wife.
 

 On July 14, 2008, the circuit court held a hearing at which the former husband, pro se, and counsel for ASEA were present. The court admitted the pertinent instruments, and the parties presented legal arguments. The court inquired of the former husband, “Have you been in possession of the property since th[e] time [you and your former wife purchased the property in 1999]?” The former husband, who had not been placed under oath, responded, “I have been in possession solely since 2001.” The court reviewed the judgment divorcing the former wife and the former husband, after which it inquired, “Is there any testimony anybody wants to put in, or do you want to submit this as strictly a legal question?” The parties indicated that they had no evidence to offer other than the documentary evidence the court had already received.
 

 On July 15, 2008, the court entered a judgment stating that ASEA’s “claim having been submitted on documents and arguments, judgment for the defendant, Richard B. Sanks. Case dismissed.” ASEA filed a motion to alter, amend, or vacate the judgment on August 11, 2008. The court granted the motion on August 21, 2008, and set the matter for a hearing on January 20, 2009. At that hearing, the court again heard legal arguments from the parties, received documentary evidence, and did not hear any sworn testimony. Counsel for ASEA conceded that, at the time ASEA obtained the judgment against the former wife in 2005, it was aware that the former wife had been divorced from the former husband in 2001. On January 23, 2009, the court entered the following judgment:
 

 “This cause having come before the Court on bench trial, the same having been considered, it is hereby ordered, adjudged and decreed judgment for the Defendant Richard Sanks. Case dismissed.”
 

 ASEA timely appealed to the Alabama Supreme Court on February 26, 2009. The supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
 

 Standard of Review
 

 The circuit court’s July 15, 2008, judgment, which followed a hearing at which it received documentary evidence and heard legal arguments but took no sworn testimony, was, in essence, a hearing on a motion for a summary judgment.
 
 [1]
 
 Notwithstanding the circuit court’s designation
 
 *49
 
 of the January 20, 2009, hearing as a “bench trial,” that hearing was, in essence, also a summary-judgment hearing. Our supreme court recently stated the appropriate standard of review as follows:
 

 “ ‘[A]s to issues of law, or “where there are no disputed facts and where the judgment is based entirely upon documentary evidence, no ... presumption of correctness applies; our review is
 
 de novo.”’ Padgett v. Conecuh County Comm’n,
 
 901 So.2d 678, 685 (Ala.2004) (quoting
 
 Alfa Mut. Ins. Co. v. Small,
 
 829 So.2d 743, 745 (Ala.2002)).”
 

 Weeks v. Wolf Creek Indus., Inc.,
 
 941 So.2d 263, 268-69 (Ala.2006).
 

 Discussion
 

 Citing
 
 Nelson v. Barnett Recovery Corp.,
 
 652 So.2d 279, 281 (Ala.Civ.App.1994), for the proposition that the “first-in-time, fírst-in-right” rule of § 35-4-90(a), Ala.Code 1975, governs this appeal, ASEA contends that the circuit court erred by giving the former husband’s later recorded quitclaim deed priority over its earlier recorded judgment hen. Section 35-4-90(a) provides:
 

 “All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.”
 

 If a judgment creditor had actual knowledge or constructive notice of the existence of an unrecorded deed at or before the time its rights under the judgment accrued, then it can claim no priority by virtue of its having recorded the judgment before the deed, and the “first-in-time, first-in-right” rule does not apply.
 
 See Baldwin County Fed. Sav. Bank v. Central Bank of the South,
 
 585 So.2d 1279 (Ala.1991).
 

 In
 
 Baldwin County Federal Savings Bank,
 
 585 So.2d at 1281, our supreme court explained the “notice” exception to § 35-4-90:
 

 “Section 35-4-90(a) gives judgment creditors ... priority over an earlier executed deed that has not been recorded only when the judgment creditor ... records its instrument without actual knowledge or constructive notice of the earlier conveyance. Therefore, simply winning the race to the courthouse and recording first is not enough to give a lienholder priority. It is also necessary that the judgment creditor, whose rights, if any, attach upon the act of recording, record its judgment without notice of the earlier deed.”
 

 Alabama cases have long held that when the holder of an unrecorded deed is in “possession” of property, a lienholder is charged with constructive notice of the nature of the possessor’s title.
 
 See, e.g., Gulf Oil Corp. v. Beck,
 
 293 Ala. 158, 300 So.2d 822 (1974);
 
 Burt v. Cassety,
 
 12 Ala. 734 (1848).
 

 In
 
 Gulf Oil,
 
 supra, the Becks bought land from the Thompsons and received a deed in 1966. The Becks began residing on the property immediately but did not record their deed until 1973. In 1967, Gulf Oil obtained and recorded a judgment against the Thompsons. The Becks filed an action to remove Gulf Oil’s judgment lien as a cloud on their title. The trial court entered a summary judgment for the Becks, and Gulf Oil appealed to the Alabama Supreme Court, which stated the question presented as follows: “Is actual possession of land under a purchase such ‘notice’ to a creditor as will prevent the creditor’s judgment lien from attaching upon it, though the deed is not recorded?”
 
 *50
 
 293 Ala. at 159, 300 So.2d at 823. Relying on
 
 Burt v. Cassety,
 
 supra, the court concluded that the Becks’ possession did prevent Gulf Oil’s judgment lien from attaching to the property.
 
 Id.
 

 In
 
 Burt,
 
 a mother purchased land from her son and was put in possession in 1839. The son delivered a deed to the mother, but the mother never recorded it. In 1843, creditors of the son obtained and recorded a judgment against the son. The mother sought to have the judgment creditors enjoined from selling the land in satisfaction of their judgment. Our supreme court stated:
 

 “The deed was never recorded, and was therefore inoperative, as against subsequent purchasers, and creditors without notice. Actual notice of the execution of the deed, is not brought home to the creditor, who subsequently obtained a judgment against the [son]; but the possession by the [mother], of the land, and the exercise of ownership over it by her, is an implied notice, quite as effectual as the implied notice from a registry of the deed, and as potent in its effects as an actual notice of the existence of the deed, before the judgment was obtained.
 

 “Our registry acts place creditors, and subsequent purchasers, upon the same footing, as to unregistered deeds; but the term creditor in the statute, does not mean creditors at large of the grantor, but such creditors as by obtaining a judgment against him, have acquired a lien, without notice of the existence of the deed, either express or implied. That possession by the vendee, is constructive notice of the conveyance, so as to defeat a subsequent purchaser, and prevent the judgment creditor from obtaining a lien.
 

 “It results from this view, that as the judgment creditor had, by the possession of the [mother], constructive notice of her title, he acquired no lien upon the land, in virtue of his judgment.”
 

 12 Ala. at 739 (citations omitted).
 

 In
 
 Baldwin County Federal Savings Bank,
 
 buyers of real property received a deed from their seller on March 30, 1986, but did not record the deed until July 16, 1986. In the interim, a judgment creditor recorded a judgment against the seller on June 4, 1986. The buyers filed an action seeking a declaration that their interest in the property was superior to that of the judgment creditor. The trial court held that it was, and the judgment creditor appealed. The subject property was undeveloped beachfront real estate on which the buyers had not continuously resided during the slightly more than two-month period that they had owned it before the judgment was recorded. During that time, the buyers had “repeatedly visited” the property, “walked its boundaries,” and “had it surveyed and had the corners marked with stakes.” 585 So.2d at 1282. The supreme court stated that “[a]n owner is not required to physically reside on property in order to establish possession. Instead, he need only make use of the property in a manner that is consistent with its nature.”
 
 Id.
 
 Noting that “[t]he character or quality of possession that is sufficient to provide notice has been described as ‘whatever is sufficient to put a party on inquiry’ concerning possible competing claims to the property,” 585 So.2d at 1281 (quoting
 
 Gamble v. Black Warrior Coal Co.,
 
 172 Ala. 669, 672, 55 So. 190, 190 (1911)), the supreme court determined that the trial court’s implicit finding — that the buyers’ possession was sufficient to give the judgment creditor constructive notice of the buyers’ unrecorded deed — was supported by the evidence and due to be affirmed.
 
 See also Alexander v. Fountain,
 
 195 Ala. 3, 5, 70 So. 669, 670 (1916)
 
 *51
 
 (stating that “[w]hatever is sufficient to put one on his guard and call for inquiry is notice of everything to which the inquiry would lead”).
 

 In
 
 Nelson,
 
 the case on which ASEA relies, a seller had sold real property and delivered a deed to the buyers on November 4. Previously, on June 15, a judgment creditor had recovered a judgment against the seller. The judgment creditor recorded its judgment on November 6, and the buyers recorded their deed on November 10. This court held that the “first-in time, first-in-right” rule governed the case because the judgment creditor had recorded its judgment four days before the buyers had recorded their deed. The court did not mention the question of notice except to state the general rule that “a judgment creditor without notice who perfects a lien against the property has priority over subsequently recorded instruments, regardless of the date of execution or delivery of those instruments.” 652 So.2d at 281. The court apparently assumed without deciding that the judgment creditor was “without notice” of the buyers’ unrecorded deed.
 

 Such an assumption may have stemmed from the fact that the buyers had received a deed to the property only two days before the judgment was recorded. The opinion in
 
 Nelson
 
 is silent with respect to whether, during that two-day period, the buyers had actually occupied the property or otherwise made use of the property in such a way as to have put the judgment creditor “ ‘on inquiry’ concerning possible competing claims to the property,”
 
 Baldwin County Fed. Sav. Bank,
 
 585 So.2d at 1281. Moreover, even if the buyers had begun to reside on the property the moment the sale was consummated, a two-day occupancy of the premises would have presented a close factual question as to whether the buyers had “‘possessed’ the property in a manner sufficient to put [the judgment creditor] on notice of their deed,”
 
 Baldwin County Fed. Sav. Bank,
 
 585 So.2d at 1282.
 
 See Jefferson County v. Mosley,
 
 284 Ala. 598, 599, 226 So.2d 652, 656 (1969) (recognizing “that it is difficult, if not impossible, to lay down any general rule as to what facts will in every case be sufficient to charge a party with notice or put him on inquiry”).
 

 Nevertheless, because the
 
 Nelson
 
 court decided the case strictly on the “first-in-time, first-in-right” rule without addressing the potential notice issue,
 
 Nelson
 
 has only limited, if any, precedential value on the issue presented by this appeal. Moreover,
 
 Nelson
 
 is distinguishable from the present case because it involved, at most, only a two-day possession by the holder of the unrecorded deed before the recording of the judgment lien. In this case, the former husband’s possession continued for four years before the recording of the judgment lien — clearly a sufficient time to have put ASEA on notice to inquire as to the source of the former husband’s claim to the property.
 

 The weight of Alabama authority dictates that the circuit court’s implicit finding in the present case — -that the former husband’s continuous and sole occupancy of the property for four years after he was divorced from the former wife constituted constructive notice to ASEA of the former husband’s unrecorded deed and thereby prevented ASEA’s judgment lien from attaching to the property — be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . We do not consider that the former husband’s unsworn answer to a question by the circuit court — that he had in been in sole possession of the property since 2001 — disqualifies the judgment from being a summary judgment. The husband's occupancy of the property was not disputed. ASEA did not contest at the hearing, and it does not challenge on appeal, the fact that the former husband has been in continuous sole possession of the property since 2001.