## BURT v. CASSETY.

1. Possession of land under a purchase, is notice to a creditor, and will prevent the *lien* of his judgment against the vendor from attaching upon it, though the deed may never have been recorded.

2. A deed drawn by an attorney, for land, by the direction of the vendor, is sufficiently delivered to the vendee, though not present, if left with the attorney for the purpose of registration, or, after its execution, taken by the vendor, for the purpose of being handed to the clerk to be registered.

3. A party may go into equity, to remove a cloud which hangs over his title, either by an actual, or threatened sale of the land to another.

4. A judgment creditor is improperly made a party to a bill filed to perfect a title to land, who has never attempted to subject the land to the payment of his judgment.

Error to the Chancery Court of Benton.

THE bill was filed by the plaintiff in error, and alledges, that in the year 1839, she purchased of her son Oswell E. Burt, one hundred acres of land, which is described, for which she paid him $1,250. That the son represented to her at the time, that he had a good title to the land, holding the fee simple title, and that she was ignorant of any incumbrance upon it. That she is under the belief, and so charges, that her son made a conveyance of the land to her by deed, but that after diligent search, the deed cannot be found and she therefore charges that it is lost, and not in her power to produce. That she went into possession under the purchase, and has continued in possession from that time, exercising ownership over it, claiming the land, &c.

That one S. M. Price, for the use of Cassety, on the 23d October, 1843, obtained a judgment against Oswell E. Burt, for $555, besides costs, in the circuit court of Benton county, upon which execution has issued, and been levied on the said land, which is advertised for sale by the sheriff.

It is also charged in the bill, that two other persons, Thos.

A. Walker, and William Raiford, have obtained judgments against Oswell E. Burt, since the sale of the land to complainant. These judgments are particularly described. All these persons are made parties to the bill. The prayer of the bill is, that Price, and Cassety, be perpetually enjoined from selling the land in satisfaction of their judgment against O. E. Burt, and that the judgments of Walker, and Raiford, be decreed not to be a *lien* on the land, that they be perpetually enjoined, &c.

Walker and Raiford answered the bill, admitting that they had obtained judgment against O. E. Burt, but denying that they had issued execution against the land, and disclaiming all interest in the question, prayed to be dismissed. Cassety answered the bill, and denied all knowledge of the purchase of the land, as alledged in the bill, but states, that from information, and belief, it was a mere parol contract. That if a deed was written for said land, it was at the request of Oswell, and was never delivered to the complainant. That whatever interest the complainant may have had in the land she had relinquished to one William P. Chilton, before the filing of the bill. The answer contains a prayer that it may be considered as a cross bill, and the complainant and Chilton be required to answer, &c., and also a demurrer to the bill, for want of equity.

The complainant answered the cross bill, and re-affirming the matters alledged in the bill, denies all knowledge of the consideration of the note, the foundation of the suit, and admits that her son, by her authority, sold the land to Chilton, but that she has not made him a deed to it, because she has not been able to find the deed from her son Oswell to her. She further answers, that the title to the land was made to her by her son Oswell, and deposited with her agent. That O. E. Burt, her son, purchased the land from one Robinson, and obtained from him a deed in fee, without any knowledge on his part, as she believes, of any incumbrance. She demurs to the cross bill, for several enumerated reasons. O. E. Burt, and W. P. Chilton also answered the bill, in substance the same as the preceding.

The testimony which was taken, establishes very satisfactorily, the sale to the complainant, the delivery of possession

to her, the payment of the purchase money, and the execution of a deed for the land, by the vendor, and that it was left with the attorney who drew it to be recorded, but was not in fact recorded. Upon this proof, the chancellor made a decree, dismissing the bill, which is the matter now assigned as error.

CHILTON, McLESTER, and MORGAN, for plaintiff in error.

1. An equitable title will prevail against creditors or purchasers of one having only a naked legal title. An equitable title need not be recorded. And possession is equivalent to registration of a title deed. And a court of equity will interfere to quiet and perfect an equitable title against the vendor and his creditor. [Morgan, et al. v. Morgan, et al. 3 Stew. 383; Harris, et al. v. Carter, Adm'r, et al. Ib. 233; McGee v. Andrew and Wiley Eastis, 5 Stew. & P. 426; Toney v. Moore, 4 Ib. 347.]

2. If there was in fact no deed made to the complainant, she clearly has a right to a specific performance of the contract; her possession and improvements take the case out of the statute of frauds. [Meredith v. Naish, 3 Stew. 207; Toney v. Moore, supra.].

3. The jurisdiction of equity is sustainable whether there was a deed made to Mrs. Burt or not—if the deed was not made, she claims a specific performance, and injunction, to perfect her title and prevent a cloud being cast over it by sheriff's deed. If the deed was made and lost, she may well come into equity to establish and protect her interest. [Atkison v. Leonard, 3 Bro. Ch. Rep. 218; Walmsley v. Child, 1 Ves. 341; 1 Story's Eq. 257, § 254, and cases there cited; Fonblanque's Eq. 33, 34, 35, and cases there cited.]

4. If a sale had been already had, and a sheriff's deed made the complainant could have her bill in equity to set it aside and clear her title. [Rumph v. Abercrombie, at this term.] Will not equity interpose to prevent a sale, which it would set aside if made?

5. The case of Green v. Harrison, 7 Ala. Rep. 585, is not applicable here, for that was a levy on personal property, and under the statute there is a perfect remedy at law, by trial of the right of property, but there is no such remedy for the

claimant of real estate—he must suffer a sale, and wait the good pleasure of the purchaser to see him, before he can have his rights settled, and by such delay the purchaser may suffer great injury by the incumbrance of a sheriff's deed.

6. The case of Daniels v. Sorrell, 9 Ala. 436, relied on by the chancellor does not conflict with the case of the plaintiff in error. In that case the day of registration had passed before the rendition of the judgment, till after which the plaintiff in execution had no notice of the unregistered deed, and upon that point the case turned. In the case at bar, the plaintiff in the judgment had actual notice of Mrs. Burt's title by her possession and improvement of the land, from long before the rendition of his judgment to the date of the levy. Mallory v. Stodder, 6 Ala. Rep. 801, the other case relied on by the chancellor, settles no question contrary to the principles insisted on for the plaintiff in error.


T. D. CLARKE, contra.

The complainant alledges that she has a *legal title* to the land in controversy, that the land has been levied on by virtue of an execution of Cassety against *her vendor*, and *she fears* two other judgment creditors of her vendor will issue executions and levy on the same land. The judgments are subsequent in date to her deed ; under these facts she seeks injunction of the levy of the *fi. fa.* issued, and of those, the issuance of which is apprehended, on the land.

1. Under such a state of facts, complainant's remedy is plain, adequate, and complete at law ; and the bill cannot be entertained as a bill of peace, because the parties are not sufficiently numerous, and complainant has not established her right at law. [Gunn v. Harrison, 7 Ala. R. 585 ; 3 Daniels Ch. Pr. & Ev. 1902.]

This case is unlike Morgan, et al. v. Morgan, et al. 3 Stew. 383—there complainant's title was equitable only—*three* lots were involved—five different creditors were seeking to subject the property—*here* complainant has a legal title—only one creditor is proceeding, or threatening to proceed, and there is but one tract of land.

2. The conveyance made from O. E. Burt to complainant *is void* for want of registration, as against purchasers and creditors, and this leaves complainant without title to the land as against Cassety, a *bona fide* creditor of O. E. B. [Clay's Dig. 256, § 8.]

The authority from 3 Stew. (Morgan, et al. *v.* Morgan, et al.) holding that possession by the vendee was equivalent in its effects to the registration of his deed, was made under the act of 1832, (Clay's Dig. 154, § 18,) which contains a restriction of the provisions of the act to cases where there was no notice. That restriction is not found in the act of 1828. The deed being void for want of registration, no notice, either actual or constructive, can impart any validity whatever to it, and she is not entitled to the benefits of an equitable title with constructive notice to adverse parties.

3. The allegation of the loss of the deed, under the circumstances, will not of itself give a court of chancery jurisdiction. [1 Story's Eq. 97 to 105.]

4. If plaintiff in error rely upon the ground that the contract of her purchase from O. E. Burt was unexecuted, and no deed was made, then we say that Cassety and other judgment creditors were improper parties.

5. The allegations of the bill are not positive, but too vague and uncertain. [Story's Equity Pleading, 19, 24, 207, 208.]

ORMOND, J.—The merits of this case lie in a very narrow compass, and will require but a brief consideration. It is, as admitted by the chancellor, clearly shown by the proof, that the complainant purchased the land in question from her son, who then held the legal title by conveyance from one Robertson. That she paid the purchase money, and was put in possession, which she has retained ever since. It is also proved, that the son conveyed the land to his mother by deed. O. E. Burt, the son, states in his deposition, that by his direction, W. H. Estill, an attorney at law, drew the deed, which he executed, and left with Estill to have it recorded. Estill on his examination, says, that the deed may have been left with him; but he thinks it was handed to the vendor, to be carried to the clerk's office for re-

Burt v. Cassety.

gistration. In our judgment, these facts clearly establish a delivery of the deed to the complainant. It is of no importance whatever, that the vendee was not present when the deed was made. She is presumed to assent to it, as it is for her benefit. When the deed was executed, the vendor states he left it with Estill to be handed to the clerk for registration. Estill thinks, the vendor after its execution, took it himself for the purpose of having it registered. In either aspect it was a delivery of the deed, and the title of the vendee, as against the vendor, became perfect.

The deed was never recorded, and was therefore inoperative, as against subsequent purchasers, and creditors without notice. Actual notice of the execution of the deed, is not brought home to the creditor, who subsequently obtained a judgment against the vendor; but the possession by the vendee, of the land, and the exercise of ownership over it by her, is an implied notice, quite as effectual as the implied notice from a registry of the deed, and as potent in its effects as an actual notice of the existence of the deed, before the judgment was obtained.

Our registry acts place creditors, and subsequent purchasers, upon the same footing, as to unregistered deeds; but the term creditor in the statute, does not mean creditors at large of the grantor, but such creditors as by obtaining a judgment against him, have acquired a *lien*, without notice of the existence of the deed, either express or implied. [Ohio Life Insurance & Trust Co. v. Ledyard, 8 Ala. 866; Daniel v. Sorrelles, 9 Id. 436.] That possession by the vendee, is constructive notice of the conveyance, so as to defeat a subsequent purchaser, and prevent the judgment creditor from obtaining a *lien*. [See Smith v. Zurcher, 9 Alabama Rep. 208; Hanrick and Powell v. Thompson, Id. 409; Farnsworth v. Childs, 4 Mass. 641; Priest v. Rice, 1 Pick. 164.]

It results from this view, that as the judgment creditor had, by the possession of the complainant, constructive notice of her title, he acquired no *lien* upon the land, in virtue of his judgment.

It is not necessary to consider, whether it would make

any difference whatever, if the title of the complainant was merely equitable. It is perfectly clear it would make no difference in the case of a subsequent purchaser, who would be as much affected with notice of an equitable, as of a legal title. [Clay v. Moore, 7 Ala. 742; Williamson v. Branch Bank at Mobile, Id. 920.] And as already observed, purchasers and creditors, are by our registration acts, placed on the same footing.

There was however, no pretence for making Raiford, and Walker parties to the bill. Their whole offence consisted in having obtained a judgment against Oswell E. Burt, but they did not attempt to levy it upon this land, or claim a *lien* upon it. As to them the bill was properly dismissed.

The objection that the court had not jurisdiction, because the legal title was in the complainant, and she could have successfully defended at law, is not tenable. The established doctrine of this and other courts is, that a party may go into equity, to remove a cloud which hangs over his title, either by an actual or threatened sale of the land, as the property of another. This question was considered by us at length in Lyon v. Hunt, 11 Ala. Rep. 307, and see also, Pettit v. Sheppard, 5 Paige, 501.

We have not considered it necessary, or proper, to inquire into the propriety of the informal cross bill, as it exerts no influence whatever in the cause.

With the exception heretofore noticed, of the defendants Walker and Raiford, the decree must be reversed, and a decree be here entered, perpetually enjoing the defendant Cassety, from levying his judgment upon this land.