# Robinson, Adm'x, *v.* Joplin *et al.*

### *Bill in Equity to enjoin Sale of Lands, &c.*

*Cloud on title, bill to prevent; when maintainable.*—A threatened sale, under execution against an heir, of his interest in the lands of the intestate, whose estate is being settled by the administratrix, and the fact that she has advanced the heir more than his distributive share, does not authorize her to go into equity to restrain the sale, as a cloud on the title.

APPEAL from Chancery Court of Madison.
Heard before Hon. H. C. SPEAKE.

Appellant was the administratrix of the estate of Wm. Robinson, which was solvent, and undergoing administration. The appellee, Joplin, having obtained a judgment against James P. Robinson, one of the heirs at law and distributees, had levied on and was proceeding to sell his interest in the lands of the estate.

The bill alleged that James P. had already received more than his distributive share of the estate, and that a sale under this execution would cast a cloud on the title to the land, and prayed an injunction restraining the same, &c.

This appeal was taken from an order dissolving the injunction, which had been granted on the filing of the bill.

WALKER & SHELBY, for appellant.

BRANDON & COCHRAN, *contra*.

STONE, J.—It is the settled doctrine of this court that a party may go into equity to remove a cloud which impends over his title, or to arrest a sale which will produce such

cloud.—See *Burt v. Cassety*, 12 Ala. 734; and *Rea v. Long-street & Sedgwick*, at present term, with its numerous citations.

To bring a case within the rule, however, the party invoking the power of the court must have a title, which is embarrassed, or about to become so, by the cloud which is sought to be removed. The present bill sets up no title whatever in complainant, save, at most, a right in the administration to sell the lands for purposes of administration, or for distribution.

If the complainant has the right to proceeed against the lands descended to either of the heirs for excess of advancements made to such heir, the threatened sale will not affect her right; for the purchaser will only step into the shoes of the heir whose interest he purchases.—*Goodman v. Benham*, 16 Ala. 625.

There is no equity in the bill, and the decree of the chancellor is affirmed.