44 So.2d 585

**W. T. RAWLEIGH CO. v. BARNETTE et al.**

**5 Div. 475.**

Supreme Court of Alabama.

Feb. 9, 1950.

Rehearing Denied March 9, 1950.

Grover C. Walker, Clanton, for appellees.

J. B. Atkinson, Clanton, for appellant.

FOSTER, Justice.

This is an appeal from a final decree of the circuit court, in equity, denying relief to appellant, which was the complainant in such court, seeking the cancellation of a deed on two grounds, viz., (1) that it was voluntary and a fraud on the appellant as a creditor, and (2) that the deed is void as to appellant, a judgment creditor, because not recorded before the rendition of its judgment as required by section 6887, Code of 1923 (then in effect). Section 120, Title 47, Code of 1940.

The suit was tried on depositions taken before a commissioner and the court denied relief on both contentions.

The deed was dated July 26, 1922, and acknowledged on the same day before a justice of the peace. The grantee was the grantor's son Allie B. Barnette. The grantor had a large amount of land in Chilton and Perry Counties. He had several children and gave to his children all of his land except about sixty acres in Perry County upon which he lived and retained as a homestead. It is not shown that he owed any amount or contemplated making any debt or entering into any venturesome business. His wife was dead and he never remarried. He testified in the case. The original deed has been certified for our inspection. There is nothing to indicate a forgery or any alteration of it or reflect upon its genuine character as it appears.

The evidence is not conflicting as to the deed. As we have stated, it bears date of July 26, 1922. On April 24, 1929, the grantor in the deed executed a contract guaranteeing with two others the payment to appellant by one L. H. Smith for all products of appellant sold and delivered to said Smith and accepting the terms of the agreement between appellant and Smith, with other stipulations not necessary to mention. The contract was renewed January 2, 1930.

■ Appellant recovered a judgment at law against said J. N. Barnette and the other guarantors for the sum of $341.71

in Perry County on September 24, 1934. A certificate of said judgment was recorded in Chilton County on September 29, 1934 in the probate office. The judgment was based upon defaults by said Smith under the contracts referred to. So that appellant's status as a creditor extends from April 24, 1929. Bibb v. Freeman, 59 Ala. 612; Cowan v. Staggs, 178 Ala. 144, 59 So. 153; 37 Corpus Juris Secundum, Fraudulent Conveyances § 101, page 938.

We may assume for the sake of argument that the deed from J. N. Barnette to his son Allie B. Barnette was without valuable consideration. So that appellant occupies the status of a subsequent creditor in determining whether it was intended to hinder, delay or defraud creditors in contravention of section 8038, Code of 1923, Code 1940, Tit. 20, § 7.

■■ Subsequent creditors can impeach a voluntary deed only by proving the existence of an actual intent in the minds of the parties at the time of the execution of the conveyance to hinder, delay or defraud creditors by means thereof, and a failure to record the deed is not of itself evidence of fraud. The burden of proof is on the subsequent creditor. Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Allen v. Overton, 208 Ala. 504, 94 So. 477; Allen v. Caldwell, Ward & Co., 149 Ala. 293, 42 So. 855; Heinz v. White, 105 Ala. 670, 17 So. 185; Kirksey v. Snedecor, 60 Ala. 192.

■ The evidence shows that before J. N. Barnette contracted the liability to appellant, Allie B. Barnette married in 1927 and at once built a dwelling house on the land and was living there at the time the said debt was contracted. The deed was recorded in December 1930, while Allie was living on the land as a home with his family. There is no circumstance from which a purpose to defraud creditors could be inferred. Therefore that aspect of appellant's contention has not been sustained.

■ The next contention is that not having been recorded until after J. N. Barnette contracted the liability to appellant, who has become a judgment creditor, the

436

deed is void as to appellant under the recording statute (section 6887, Code of 1923), then in effect. Section 120, Title 47, Code of 1940. But that contention is not well taken because appellant's judgment was rendered after the deed was recorded. The recording statute here applicable protects judgment creditors only who have obtained their judgment before the prior deed was recorded. It matters not so far as that statute is concerned when the debt was contracted. The controlling circumstance is that the judgment was rendered before the prior deed was recorded, and further that at the time the judgment was rendered the plaintiff in it had no notice of the existence of the deed. Teaford v. Moss, 235 Ala. 490, 179 So. 817; Sutley v. Dothan Oil Mill Co., 235 Ala. 475, 179 So. 819; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Hall v. Griffin, 119 Ala. 214, 24 So. 27; Chadwick v. Carson, 78 Ala. 116.

The judgment which appellant recovered against J. N. Barnette was after the recordation of the deed under attack.

The evidence also shows that at that time the grantee in the deed was in the actual possession of the land claiming it as his homestead and assessing and paying the taxes on it in his own name. Those facts justify a holding that appellant had notice of the claim maintained by Allie B. Barnette on and prior to the date of its judgment. Hall v. Griffin, supra; Chadwick v. Carson, supra; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190.

Appellant also assigns as error the decree of the court sustaining the demurrer to paragraphs B and C, separately set up as an amendment. But those allegations were not needed to sustain the contentions of appellant as set out in the original bill. They add nothing of value and tender no different or new issue. There was no error in sustaining the demurrer separately addressed to them, nor in denying relief to appellant and dismissing the cause.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.