This is an appeal by David C. Johnson from the determination by the trial court that the judgment lien of Haleyville Mobile Home Supply, Inc. (HMH) against the property of Jerry W. and Marcelle Lewis was superior to a deed which conveyed title to some of their property to him. In a previous decision, this Court held that the judgment secured by HMH was properly entered against the Lewises. Lewis v. Haleyville Mobile HomeSupply, Inc., 447 So.2d 691 (Ala. 1984). The issue on this appeal is whether HMH obtained the rights of a judgment creditor for the purposes of Code 1975, § 35-4-90, on the date of the initial entry of judgment by the trial court or on the date the Lewises' motion for new trial was denied.
Most of the evidence presented at trial consisted of documents concerning the initial suit between HMH and the Lewises. The facts presented in these documents can best be summarized in the following chronology provided in Johnson's brief to the Court.
 "January 25, 1983: HMH filed suit against Boulder, Inc. and the Lewises in CV-83-12A.
 "March 29, 1983: The Lewises convey 1 1/2 lots, the subject of this instant proceeding, to Johnson.
 "May 25, 1983: Judgment is rendered against the Lewises in CV-83-12A in the *Page 329 
amount of $39,999.99. Certificate of Judgment is recorded this same date.
 "June 14, 1983: Lewises file motion for new trial in CV-83-12A.
 "July 19, 1983: Johnson's deed is recorded with the Marion County Probate Judge.
 "July 27, 1983: Motion for New Trial in CV-83-12A is denied, but judgment is altered or amended to reflect a reduction down to $36,000.00."
Appellant's brief, page 8.
Code 1975, § 35-4-90 (a), provides:
 "(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors."
Johnson first argues that, for the purposes of this statute, HMH's rights as a judgment creditor did not accrue until the Lewises' motion for new trial was denied by the trial court on July 27, 1983. We disagree with Johnson's contention. A determination of when rights under a judgment "accrue" is not dependent upon the outcome of a post-judgment motion.
Under Code 1975, § 6-9-211, a judgment, upon which a certificate of judgment is duly filed, constitutes a lien against the property of the defendant located in the county of filing. In this case, HMH received its judgment against the Lewises on May 25, 1983, and duly filed a certificate of judgment on the same day. As of that day, pursuant to the provisions of Code 1975, § 6-9-211, HMH had a valid judgment lien on the property of the Lewises. Only Rule 62 (a), A.R.Civ.P., which provides for an automatic stay of execution on a judgment for a period of thirty days, prevented HMH from enforcing its lien. At any time after that thirty-day period, HMH could have executed on its judgment regardless of the fact that a post-judgment motion might be pending.[1] See, 11 C.Wright and A. Miller, Federal Practice and Procedure § 2903 (1983).
Johnson additionally argues that the trial judge in the initial suit between HMH and the Lewises, entered a new judgment on July 27, 1983, when he reduced the amount of the judgment awarded to HMH. Therefore, Johnson asserts, this is the judgment that created HMH's rights as a judgment creditor. Based on the language used by the trial judge in the order dated July 27, 1983, we must also disagree with this argument. In that order, the trial judge stated, "the Court is of the opinion that the judgment heretofore entered on the 25th day of May, 1983 should be reduced." Nowhere in that order is it stated that it was intended to be a new judgment. If a timely motion for new trial is made, a trial court may amend or correct its judgment. Jasper Community Hospital v. Hyde,397 So.2d 153, 155 (Ala.Civ.App. 1981). In this case, upon timely motion, the trial judge amended the judgment of May 25, 1983, by reducing the amount to be awarded to HMH, and this action did not affect the rights established in that previous judgment.
The trial court was correct in deciding that HMH's judgment lien was superior to Johnson's deed from the Lewises. For a judgment creditor to have priority over a prior executed deed under Code 1975, § 35-4-90, it must be shown that the rights as a judgment creditor accrued before the prior executed deed was recorded and that the judgment creditor did not have notice of the deed at the time of the judgment. W.T. Rawleigh Co. v.Barnette, 253 Ala. 433, 436, 44 So.2d 585, 587 (1950). We have decided that HMH's rights as a judgment creditor accrued on May 25, 1983. The facts presented to the trial court show that Johnson did not record his deed until July 19, 1983, and that HMH did not have notice of that deed at the time its judgment *Page 330 
was rendered and recorded. Therefore, the determination of the trial court in favor of HMH was correct.
AFFIRMED.
MADDOX, FAULKNER, SHORES, BEATTY and ADAMS, JJ., concur.
[1] While 62 (b), A.R.Civ.P., allows the trial judge to stay the execution of a judgment pending the disposition of a post-judgment motion, no such stay was issued in this case.