Baldwin County Federal Savings Bank ("BCFSB") appeals from a judgment in favor of the plaintiffs, Steve Odom, Diane Odom, and Central Bank of the South ("Central"), in a declaratory judgment action. The complaint was filed by Central and the Odoms to determine the status of two liens against undeveloped beachfront property in Baldwin County that is owned by the Odoms.[1]
On March 30, 1986, the Odoms bought the subject property from Gulf Sun Investments, Inc. ("Gulf Sun"). They did not immediately record their deed. On May 15, 1986, the Odoms mortgaged the property to Central. As with the Odoms' deed, the mortgage held by Central was not immediately recorded. On June 4, 1986, BCFSB, which had on May 22 obtained a judgment against Gulf Sun, recorded a certificate of that judgment. On July 16, 1986, the Odoms' deed and Central's mortgage were recorded.
After learning that BCFSB had filed its certificate of judgment against Gulf Sun, Central and the Odoms filed a complaint wherein they asked the court to declare that their separate interests in the property were superior to any rights BCFSB might have in the property by virtue of its judgment against Gulf Sun. After an ore tenus hearing, the trial court entered a judgment declaring that the Odoms' title to the property, as described in the deed from Gulf Sun, and Central's interest in the property, obtained through the mortgage from the Odoms, were "paramount and superior" to the rights of BCFSB and its successors and assigns. That judgment did not contain specific findings of fact. The court denied BCFSB's motion for a new trial, and BCFSB appeals.
BCFSB argues that, because it recorded its certificate of judgment before the recording of the Odoms' deed and Central's mortgage, its rights in the property are superior to those held by the Odoms and by Central.[2] Alternatively, it argues that the court's implicit finding that the Odoms' possession was such as to give it notice of the Odoms' unrecorded deed and Central's unrecorded mortgage before it filed the certificate of judgment is not supported by the evidence.
At the outset, we note that the scope of this Court's review regarding the resolution of fact questions in ore tenus cases is restricted:
 "It is the law in Alabama that where evidence has been presented orally, a presumption of correctness attends the trial court's conclusion on issues of fact, if these conclusions were based totally or in part on oral testimony. This Court will not disturb the trial court's conclusions unless they are clearly erroneous and against the great weight of the evidence. Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981); Raidt v. Crane, 342 So.2d 358
(Ala. 1977); Adams Supply Co. v. United States Fidelity Guaranty Co., 269 Ala. 171, 111 So.2d 906 (1959)."
First Alabama Bank v. Martin, 425 So.2d 415, 425 (Ala. 1982). In addition, in cases such as this one, where the court did not make specific findings of fact, this Court will assume that the court made the findings necessary to support its judgment, unless such findings would be clearly erroneous *Page 1281 
and against the great weight and preponderance of the evidence.Hand v. Stanard, 392 So.2d 1157, 1159 (Ala. 1980).
BCFSB's first argument concerns the provisions of Ala. Code 1975, § 35-4-90(a). It contends that, pursuant to that section, once a judgment creditor records its certificate of judgment,all subsequently recorded conveyances are void as to that judgment. It directs this Court's attention to Johnson v.Haleyville Mobile Home Supply, Inc., 477 So.2d 328 (Ala. 1985), as support for its argument.
We do not agree. Section 35-4-90(a) gives judgment creditors, purchasers, and mortgagees priority over an earlier executed deed that has not been recorded only when the judgment creditor, purchaser, or mortgagee records its instrument without actual knowledge or constructive notice of the earlier conveyance. Therefore, simply winning the race to the courthouse and recording first is not enough to give a lienholder priority. It is also necessary that the judgment creditor, whose rights, if any, attach upon the act of recording, record its judgment without notice of the earlier deed. Smith v. Arrow Transp. Co., 571 So.2d 1003 (Ala. 1990);Department of Revenue v. Price-Williams, 545 So.2d 7 (Ala. 1989); Gulf Oil Corp. v. Beck, 293 Ala. 158, 300 So.2d 822
(1974).
The language of § 35-4-90(a) indicates that it was drafted, at least in part, to prevent the result argued for by BCFSB:
 "All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors."
Ala. Code 1975, § 35-4-90 (emphasis added).
The principle that recording first creates superior rights only when the recording party does not have actual knowledge or constructive notice of prior unrecorded conveyances is an equitable principle of long standing that has been consistently applied in cases involving judgment creditors. Smith v. ArrowTransp. Co., supra; Gulf Oil, supra; W.T. Rawleigh Co. v.Barnette, 253 Ala. 433, 44 So.2d 585 (1950); Burt v. Cassety,12 Ala. 734 (1848). In Gulf Oil, this Court noted:
 " 'It results from this view, that as the judgment creditor had, by the possession of the complainant, constructive notice of her title, he acquired no lien upon the land, in virtue of his judgment.' "
293 Ala. at 160, 300 So.2d at 823 (quoting Burt, supra, at 739; emphasis in original).
The character or quality of possession that is sufficient to provide notice has been described as "whatever is sufficient to put a party on inquiry" concerning possible competing claims to the property. Gamble v. Black Warrior Coal Co., 172 Ala. 669,672, 55 So. 190, 190 (1911); Jefferson County v. Mosley,284 Ala. 593, 226 So.2d 652 (1969). Under § 35-4-90(a), judgment creditors and purchasers are "on the same footing." Gulf Oil,supra; Burt, supra; Therefore, the quantum of possession needed to put a judgment creditor on notice is no greater than that which is deemed sufficient to put a purchaser on notice. Id.
In addition, BCFSB's reliance on our opinion in Johnson,supra, is misplaced. The sole issue addressed in Johnson was whether a judgment creditor's rights had accrued upon the recording of the certificate of judgment even though the judgment debtor thereafter filed a motion for new trial.477 So.2d at 328. That opinion mentioned only summarily that the judgment creditor did not have notice of the deed that had been executed before it recorded its certificate of judgment. Id., at 329-30. Thus, Johnson did not address the issue that is central to the instant case, i.e., whether the judgment creditor had notice of unrecorded conveyances before it recorded its certificate of judgment.
BCFSB also argues that the evidence does not support the trial court's implicit finding that there was sufficient *Page 1282 
evidence of the Odoms' possession of the property to put it on notice of the Odoms' deed and, by inference, the subsequent mortgage to Central.[3] The determination of whether BCFSB was chargeable with notice of the Odoms' possession was a question of fact within the equity jurisdiction of the court. Hodges v.Beardsley, 269 Ala. 280, 283-84, 112 So.2d 482, 484-85 (1959). Because the ore tenus rule applies to this case, the court's resolution of that question will not be reversed unless it is clearly erroneous or unsupported by credible evidence. May v.Campbell, 470 So.2d 1188 (Ala. 1985).
The most important evidence supporting the trial judge's decision showed that the Odoms had redeemed the property from a prior tax sale before BCFSB recorded its certificate of judgment. As a result, a certificate of redemption in the Odoms' names, dated May 19, 1986, was issued by the Baldwin County tax collector's office.[4] Documents that show the payment of such taxes have been held to be competent evidence of the payor's claim of title. Gantt v: Phillips, 262 Ala. 184,77 So.2d 916 (1955). Mr. Odom testified that the property had been assessed in the Odoms' names from the time of the redemption. Thus, it appears that BCFSB had notice through the tax assessor's records that the Odoms claimed the property and had assessed it in their names.
There was also evidence of the Odoms' occupancy of the property that supports the trial court's determination that they "possessed" the property in a manner sufficient to put BCFSB on notice of their deed. An owner is not required to physically reside on property in order to establish possession. Instead, he need only make use of the property in a manner that is consistent with its nature. Hand, supra, at 1160; Turnham v.Potter, 289 Ala. 685, 271 So.2d 246 (1972). The subject property is undeveloped beachfront property. Steve Odom testified that, during the period between the date of the deed and the date that BCFSB recorded its certificate of judgment, he and his wife repeatedly visited the property and walked its boundaries. They had it surveyed and had the corners marked with stakes. They also visited the property with real estate agents to discuss how to develop it and used it for family outings, picnics, swimming, and sunbathing.
This Court has recognized "that it is difficult, if not impossible, to lay down any general rule as to what facts will in every case be sufficient to charge a party with notice or put him on inquiry." Jefferson County v. Mosley,284 Ala. at 599, 226 So.2d at 656. However, in light of the evidence set out above, we cannot say that the trial judge's implicit finding that BCFSB had constructive notice of the Odoms' deed, and therefore also of Central's mortgage, Smith, supra, was clearly erroneous or not supported by credible evidence. Therefore, the judgment is due to be affirmed. Hand, supra.
AFFIRMED.
ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
STEAGALL, J., concurs in the result.
MADDOX and KENNEDY, JJ., dissent.
HOUSTON, J., recused.
[1] The complaint named an additional lienholder as a defendant. However, a default judgment was entered against that defendant and it has not appealed. Therefore, only the lien asserted by BCFSB will be discussed.
[2] There is no indication that BCFSB made any effort to have a lis pendens notice filed against this property during the pendency of its action against Gulf Sun, see Ala. Code 1975, §35-4-131; neither has BCFSB made a claim or defense in this action that Gulf Sun's conveyance to the Odoms was made with intent to defraud creditors, see § 8-9-6.
[3] Where a third party is in possession of property, a purchaser of that property or a judgment creditor is charged with constructive notice of the nature of the third party's title.Smith, supra; Gamble, supra. Therefore, if BCFSB had notice of the Odoms' claims, it also had notice of the Odoms' mortgage to Central.
[4] Although there is nothing in the record on this point, we note that the redemption of property that had been sold at a tax sale is a matter within the jurisdiction of the judge of probate. Ala. Code 1975, § 40-10-120 et seq. Records concerning such redemptions are kept by the judge of probate. § 40-10-127. *Page 1283