MOORE, Judge.
John A. Daugherty and Cheryl A. Daugherty appeal from a summary judgment entered by the Jefferson Circuit Court in favor of Brenda M. Campbell, Tavares Ward, Sr., Reli Title, LLC, and Stewart Title Guaranty Company. We affirm.

*246
Background

On June 8, 2007, the Jefferson District Court entered a default judgment (“the 2007 judgment”) in the amount of $10,000 in favor of Cheryl against Tavares Ward, Sr., Tavares Ward, Jr., Lomb Avenue Automotive, and Five Star Automotive; that judgment arose from automotive repairs that Cheryl had sought from the defendants for her vehicle and that Cheryl claimed had not been performed correctly. On August 8, 2007, Cheryl recorded the 2007 judgment in the Jefferson Probate Court.[1]
On July 24, 2008, Tavares Ward,' Sr. (hereinafter “Ward”), through legal counsel, filed a motion in the district court, seeking to set aside, pursuant to Rule 60(b), Ala. R. Civ. P., the 2007 judgment as to him. In support of that motion, he asserted that he had never been served with the summons and complaint in the original action; that, as a result, the 2007 judgment was void as to him; and that Cheryl had recorded the 2007 judgment, thereby encumbering real property for which he currently had a pending sales contract. Cheryl opposed that motion. On August 4, 2008, after a hearing, the district court set aside the 2007 judgment against Ward.
On August 15, 2008, Cheryl timely filed in the circuit court a petition seeking mandamus review of the district court’s order granting Ward’s Rule 60(b) motion.[2] On August 29, 2008, after Cheryl had filed her mandamus petition in the circuit court, Ward executed a warranty deed conveying real property located in Jefferson County (“the property”) to Campbell. On September 2, 2008, Campbell recorded the warranty deed she had received from Ward in the probate court. As part of the conveyance from Ward to Campbell, Reli Title and Stewart Title issued title-insurance policies, but they did not note or except from coverage the 2007 judgment against Ward that Cheryl had recorded in the probate court.
On March 18, 2009, the circuit court entered a judgment finding that Ward had been served with the summons and complaint in the district-court action. As a result, the circuit court found that the district court had properly entered the 2007 judgment against Ward and it “revived” and reinstated the certifícate of judgment previously recorded by Cheryl.
On June 10, 2012, the Daughertys filed this action in the circuit court.[3] In the *247 complaint, as finally amended, they asserted a claim, pursuant to Ala.Code 1975, § 8-9A-1 et seq., known as the “Alabama Uniform Fraudulent Transfer Act,” against Ward, Campbell, Reli Title, and Stewart Title, and they sought a judgment declaring the priority of Cheryl’s judgment lien as to Campbell’s title to the property.
Reli Title and Stewart Title filed, pursuant to Rule 12(b)(6), Ala. R. Civ. P., separate motions seeking to dismiss the fraudulent-conveyance claim asserted against them in the first amended complaint. Reli Title and Stewart Title subsequently filed, pursuant to Rule 12(b)(6), a joint motion to dismiss the declaratory-judgment count asserted against them in the second amended complaint.
Campbell answered the complaint, asserting, among other things, that, pursuant to Ala.Code 1975, § 35-4-90(a), her deed had been recorded before the circuit court had revived Cheryl’s judgment lien against Ward and, therefore, that her deed had priority over Cheryl's lien. Campbell also asserted various affirmative defenses and a counterclaim, seeking a judgment declaring that she was a bona fide purchaser without notice of a valid lien at the time she acquired the property and that her title to the property had not been impacted by the circuit court’s subsequent reinstatement of the 2007 judgment against Ward. Alternatively, Campbell asserted that she was entitled to an equitable lien for the value of the improvements she had made to the property. Ward, who appeared pro se, answered the complaint denying all claims. Ward made no further effort to defend against the claims.
The Daughertys and Campbell filed competing summary-judgment motions, and the Daughertys sought to strike the affidavits submitted in support of Campbell’s summary-judgment motion. The circuit court granted the motions to dismiss that had been filed by Reli Title and Stewart Title. After a hearing on the summary-judgment motions filed by the Daughertys and Campbell, the circuit court entered a summary judgment in favor of Campbell, denied the summary-judgment motion filed by the Daughertys, denied the motion to strike filed by the Daughertys, and dismissed the action with prejudice.[4] The circuit court provided no reasoning for the entry of its summary judgment. The Daughertys timely appealed.

Standard of Review

“ We review the trial court’s grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala.2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id. “We review the evidence in a light most favorable to the nonmovant.” 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala.2006).’ ”
Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 793 (Ala.2007) (quot *248 ing Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 842, 346 (Ala.2006)).

Analysis

On appeal, the Daughertys have not argued that the circuit court erred in entering a judgment in favor of all the defendants as to the fraudulent-conveyance claim, and, as a result, we deem that issue to have been waived. See, e.g., Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).
The Daughertys also make no arguments specific to their claims asserted against Reli Title or Stewart Title, and, despite Reli Title’s and Stewart Title’s role as title insurers involved in the conveyance of the property between Ward and Campbell, the record fails to disclose any privity between the Daughertys and Reli Title and between the Daughertys and Stewart Title. We, therefore, affirm the circuit court’s dismissal of the claims asserted against Reli Title and Stewart Title. Finally, the Daughertys have not specifically addressed the claims asserted against Ward on appeal. We, therefore, affirm the circuit court’s judgment implicitly entered in favor of Ward as to all claims asserted against him.
In their brief filed with this court, the Daughertys argue only that Cheryl’s judgment lien against the property is entitled to priority over Campbell’s deed. The parties do not dispute that the 2007 judgment predated Campbell’s deed obtained from Ward in August 2008. It also is undisputed that Cheryl recorded the certificate of judgment in August 2007 while Campbell recorded her deed in September 2008.
In Pope v. Gordon, 922 So.2d 893, 896 (Ala.2005), our supreme court stated:
“A judgment creditor may ... create a lien on the judgment debtor’s property by obtaining a certificate of judgment from [any court of this state] and filing that certificate in the office of the judge of probate of any county. See Ala.Code 1975, § 6-9-210. This filing creates a lien on property of the judgment debtor in that county. See Ala.Code 1975, § 6-9-211.”
(Footnote omitted.) We, therefore, agree with the Daughertys that, by recording the certificate of judgment regarding the 2007 judgment in the probate court, Cheryl created a lien in her favor as to the property.
Subsequent to the creation of that judgment lien, however, the district court set aside the 2007 judgment entered against Ward on the basis that it was void due to lack of service upon Ward. Although Cheryl timely sought mandamus review of that ruling, “[t]he filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the fun-ning of any period for obeying an order or perfecting a filing in the case.” Ex parte State (State v. Webber), 892 So.2d 869, 871 (Ala.2004). Because Cheryl’s mandamus petition did not stay the effect of the district court’s ruling, the 2007 judgment as to Ward was declared void and, as stated by the district court, was “held for naught” as of August 4, 2008.
In determining the effect of the district court’s ruling on Cheryl’s judgment lien, we find the following language in Duncan v. Gunter Ins. Agency (In re Duncan), 60 B.R. 345 (Bankr.M.D.Ala.1986), persuasive: “Since a judgment lien cannot exist independently of the judgment, such lien is discharged by the satisfaction and extin-guishment of the judgment.” Id. at 348 (citing 47 Am.Jur.2d Judgments § 995). See also Ogburn v. SouthTrust Bank (In re Ogburn), 212 B.R. 984, 986 (Bankr.M.D.Ala.1995) (“ ‘Without the debt there is *249 nothing to secure and no basis for the lien.’ ” (quoting 1 David G. Epstein et al., Bankruptcy § 3-11, at 156 n. 27 (1992))). Because the district court vacated the 2007 judgment as to Ward in August 2008, the judgment lien that was created when Cheryl recorded the certifícate of judgment was discharged by operation of law. See 50 C.J.S. Judgments § 826 (2009) (“The [judgment] lien is extinguished where the judgment is vacated absolutely and finally, or canceled and stricken off the record, or reversed on appeal, and in such cases the court has no power to continue the lien so that it may attach to such judgment as subsequently may be rendered.” (footnotes omitted)).
We next consider the priority of Campbell’s deed versus Cheryl’s void judgment, as determined by the district court, and her revived judgment, as determined by the circuit court. Campbell acquired title to the property shortly after the district court declared the 2007 judgment as to Ward to be void, and she recorded her deed to the property in September 2008. Before the circuit court, Campbell asserted that, when she acquired her title to the property and recorded her deed, Cheryl held no valid lien against the property. Based on our analysis set out above, we must agree. The 2007 judgment as to Ward was not revived and given legal effect again until March 18, 2009, when the circuit court so ordered. By that time, however, Campbell’s deed had already been recorded.
In the circuit court, Campbell relied on Ala.Code 1975, § 35-4-90(a), which addresses the priority of deeds versus the claims of judgment creditors. That statute provides, in pertinent part:
“(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.”
The Daughertys responded that § 35-4-90(a) offered no support for Campbell’s claim that her deed was entitled to priority over Cheryl’s revived judgment; the Daughertys asserted that § 35-4-90(a), in fact, supported their claim that Cheryl’s recorded judgment lien was entitled to priority over Campbell’s deed. In Johnson v. Haleyville Mobile Home Supply, Inc., 477 So.2d 328 (Ala.1985), on which the Daugh-ertys rely, our supreme court discussed the proper application of § 35-4-90(a). In Johnson, Haleyville Mobile Home Supply, Inc. (“HMH”), the judgment creditor, sued the debtor-defendants, the Lewises, in January 1983, and the Lewises conveyed some of their property to Johnson in March 1983. Id. at 328. HMH obtained a judgment in its favor on May 25, 1983, and it recorded its judgment on that same day. Id. at 328-29. The Lewises filed a post-judgment motion challenging certain aspects of the judgment on June 14, 1983. Id. at 329. Johnson recorded his deed on July 19, 1983, after the entry of the judgment in favor of HMH. Id. at 329. On July 27, 1983, the trial court denied the Lewises’ postjudgment motion, but it amended the judgment to reduce the amount awarded to HMH. Id.
On appeal, Johnson relied on § 35-4-90(a) and asserted that his deed had been recorded before HMH had acquired its judgment rights, which, Johnson argued, had occurred when the Lewises’ post-judgment motion had been finally re *250 solved.[5] Id. Our supreme court rejected that argument, stating:
“Based on the language used by the trial judge in the order dated July 27, 1988, we must also disagree with this argument. In that order, the trial judge stated, ‘the Court is of the opinion that the judgment heretofore entered on the 25th day of May, 1983 should be reduced.’ Nowhere in that order is it stated that it was intended to be a new judgment. If a timely motion for new trial is made, a trial court may amend or correct its judgment. Jasper Community Hospital v. Hyde, 397 So.2d 153, 155 (Ala.Civ.App.1981). In this case, upon timely motion, the trial judge amended the judgment of May 25, 1983, by reducing the amount to be awarded to HMH, and this action did not affect the rights established in that previous judgment.
“The trial court was correct in deciding that HMH’s judgment lien was superior to Johnson’s deed from the Lewises. For a judgment creditor to have priority over a prior executed deed under [Ala.] Code 1975, § 35-4-90, it must be shown that the rights as a judgment creditor accrued before the prior executed deed was recorded and that the judgment creditor did not have notice of the deed at the time of the judgment. W. T. Rawleigh Co. v. Barnette, 253 Ala. 433, 436, 44 So.2d 585, 587 (1950). We have decided that HMH’s rights as a judgment creditor accrued on May 25, 1983. The facts presented to the trial court show that Johnson did not record his deed until July 19, 1983, and that HMH did not have notice of that deed at the time its judgment was rendered and recorded. Therefore, the determination of the trial court in favor of HMH was correct.”
Johnson, 477 So.2d at 329-30.
The facts of this case are easily distinguishable from those of Johnson. In Johnson, our supreme court held that the creditor’s judgment rights had accrued before the deed at issue had been recorded. The supreme court also concluded that the trial court’s later amendment of that judgment, in response to a postjudgment motion, did not amount to the entry of a new judgment.
In this case, the August 2008 judgment entered by the district court set aside the 2007 judgment as to Ward; that ruling vacated Cheryl’s creditor’s rights as to Ward. Cheryl sought a review of that ruling from a different court, i.e., the circuit court, which ultimately reversed the district court’s ruling. Therefore, unlike in Johnson, supra, the subsequent ruling by the circuit court in March 2009 resulted in the revival of the judgment in favor of Cheryl. Although Cheryl regained her rights as a judgment creditor as to Ward, a lapse of time occurred in which Cheryl held no valid judgment against Ward. During that lapse in the validity of Cheryl’s judgment against Ward, Campbell obtained title to the property and recorded her deed. See 50 C.J.S. Judgments § 826 (2009) (“When an order vacating a judgment is set aside the lien is revived in all its pristine vigor except as to the rights of third persons acquired in the meantime.” (footnotes omitted)).
Additionally, when the judgment against Ward was revived in favor of Cheryl in March 2009, Cheryl knew or should have known of Ward’s conveyance of the prop *251 erty. In his motion to set aside the 2007 judgment, Ward indicated that he had a contract to sell property located in Jefferson County and that Cheryl’s recorded judgment was interfering with that sale. Thus, Cheryl was on notice that Ward intended to sell property that she claimed was subject to her judgment lien. Additionally, at the time Cheryl’s judgment was revived, Campbell’s deed was duly recorded in the probate court. See, e.g., Baldwin Cnty. Fed. Sav. Bank v. Central Bank of the South, 585 So.2d 1279 (Ala.1991) (discussing the notice exception of § 35 — 4— 90(a) and recognizing that, for a judgment creditor to be given priority over an existing deed holder, the judgment creditor must record its judgment without actual or constructive notice of the earlier conveyance).
Because Campbell’s deed was recorded before Cheryl’s rights as a judgment creditor against Ward were revived and because Cheryl knew or should have known of Campbell’s deed at the time those rights were revived, Campbell’s deed is entitled to priority over Cheryl’s judgment rights, pursuant to § 35^1-90(a).
The Daughertys also argue that the doctrine of lis pendens requires a reversal of the circuit court’s summary judgment.[6] See Ala.Code 1975, § 35-4-131(a) (recognizing that a lis pendens may be recorded against specific real property when an action is brought to enforce “any lien upon, right to or interest in, or to recover any land”). Citing Jesse P. Evans III, Alabama Property Rights and Remedies § 5.13 (4th ed.2010), the Daughertys argue in their brief that, “[ujnder the common-law doctrine of lis pendens, the filing of an action respecting a right, title, interest in or claim to the property placed the property in custodia legis, or in the custody of the court in which the action was commenced.” We disagree.
In Stephens v. Huie, 37 So.3d 776, 779 (Ala.Civ.App.2009), this court stated:
“The doctrine of lis pendens has no application when the action involved seeks the recovery of a money judgment. McCollum v. Burton, 220 Ala. 629, 127 So. 224 (1930); see also 51 Am.Jur.2d Lis Pendens § 28 (2000) (stating that ‘where the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real ■ property, the filing of a notice of lis pendens is inappropriate’).”
Applying the principles applicable to the doctrine of lis pendens to this case, it is clear that Cheryl’s original claims against Ward did not relate to the title to or the right of possession of real property; her claims arose as a result of automobile repairs that she claimed had been improperly performed. At all times relevant to her claims against Ward, Cheryl has attempted to obtain and to retain her right to recover money damages from Ward. We, therefore, agree with Campbell that the doctrines of lis pendens and in custodia legis were never applicable in this case.
Based - on the above, we conclude that the circuit court properly entered a summary judgment in favor of Campbell. We, *252 therefore, affirm the circuit court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. On July 8, 2008, Cheryl filed in the district court a motion styled "Motion to Amend Judgment Nunc Pro Tunc” seeking to clarify the names shown on the 2007 judgment and to distinguish between Tavares Ward, Sr., and Tavares Ward, Jr. The district court granted her motion to identify Tavares Ward, Jr., as "Teague Ward aka Tavares Ward, Jr.”

. Cheryl originally filed with the circuit court a notice of appeal from the district court's August 4, 2008, ruling. The circuit court subsequently granted Cheryl’s motion to treat her notice of appeal as a petition for a writ of mandamus. See, e.g., Bates v. Stewart, 99 So.3d 837 (Ala.2012) (recognizing that a petition for a writ of mandamus is a proper method of seeking review of a trial court's ruling granting a motion, filed pursuant to Rule 60(b), Ala. R. Civ. P., reinstating an action); and Ex parte McCrory & Williams, Inc., [Ms. 2121099, Jan. 10, 2014] - So.3d -(Ala.Civ.App.2014) (reviewing, by way of mandamus petition, a trial court's granting of a motion, filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking to set aside a default judgment). We, therefore, refer to Cheryl's filing in the circuit court as a mandamus petition.

.Although John Daugherty is a practicing attorney who represented Cheryl in obtaining the 2007 judgment, the record does not explain his role as a plaintiff in the underlying action before the circuit court. In any event, his interests appear to be aligned with and identical to Cheryl’s interests.

. Based on the nature of the claims asserted against Campbell and Ward, we conclude that the circuit court's entry of a summary judgment in favor of Campbell implicitly disposed of all claims asserted against Ward as well. Additionally, Campbell has not conditionally cross-appealed from the implicit denial of her cross-claim in which she had asserted an equitable lien for the value of the improvements she had made to the property.

. In Johnson, supra, our supreme court recognized that "[t]he issue [in] this appeal is whether HMH obtained the rights of a judgment creditor for the purposes of [Ala.] Code 1975, § 35-4-90, on the date of the initial entry of judgment by the trial court or on the date the Lewises’ motion for new trial was denied.” 477 So.2d at 328.

. Although the Daughertys presented these arguments to the circuit court, they did so in a brief submitted to the circuit court after the parties had concluded their arguments in support of and in opposition to the competing summary-judgment motions. Campbell moved to strike the Daughertys’ untimely filed brief, but the circuit court did not rule on Campbell's motion to strike before entering a summary judgment in Campbell's favor. Although it is unclear whether the circuit court considered the Daughertys' arguments, we briefly address them.