[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13740
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-00878-WKW-DAB

BRANDON D. BALL,

Plaintiff-Appellant,

versus

ROAR III, LLC,
an Alabama Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 16, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Brandon Ball, proceeding pro se, appeals the district court's final order granting summary judgment in favor of Roar III, LLC ("Roar"), in Ball's action to establish his ownership over a parcel of property in Auburn, Alabama ("the

Property"). In its summary judgment decision, the district court concluded that ownership of the Property had been adjudicated in two earlier state cases, and, thus, that Ball's suit was foreclosed by res judicata and collateral estoppel. On appeal, Ball argues that the district court erred in applying the res judicata and collateral estoppel doctrines. After careful review, we affirm.

The relevant facts, including the details surrounding the two earlier cases that addressed the Property's ownership, are these. In 2003, James Pollard conveyed the Property to Kathy Mathews. In 2008, Mathews recorded a quit claim deed that conveyed to Lakeshi Robinson a 371-square foot parcel of land that was not part of the Property. In 2012, however, after a suit between Donald H. Allen Development, Inc. ("Allen Development") and Mathews resulted in a $1,500,000 judgment against Mathews ("the First Case"), Mathews re-recorded the deed conveying the 371-square foot parcel to Robinson "to correct the error in the legal description" so that it included the Property. When the state court issued a writ of execution in January 2013, directing the county sheriff to sell the Property to satisfy the judgment in the First Case, Robinson intervened, arguing that she, rather than Mathews, owned the Property. Allen Development responded that its rights as a judgment creditor had accrued before the deed was re-recorded, even if that deed was valid.

Robinson filed a new suit against Allen Development in March 2013, claiming it had clouded and slandered her title ("the Second Case"). Robinson then

recorded a deed conveying her interest in the Property to Ball (the appellant in this appeal) for $25,000.  In December 2013, the state court denied Robinson's motions to intervene and to quash the writ of execution in the First Case (later affirmed on appeal by the Alabama Supreme Court), and in June 2014, the state court granted Allen Development's motion to dismiss the Second Case.  In the meantime, Allen Development itself purchased the Property in the court-ordered sale, and in April 2016, it conveyed the Property to Roar (the appellee in this appeal) for $750,000.

In November 2016, Ball brought this lawsuit in federal court, alleging that he was the rightful owner of the Property, and that Roar had acquired the Property from Allen Development and wrongfully ejected him from it.  The district court ultimately granted Roar's motion for summary judgment on the grounds that Ball's case was barred by res judicata and collateral estoppel.   This timely appeal follows.

We review <u>de novo</u> a district court's application of res judicata and collateral estoppel.  See <u>Richardson v. Miller</u>, 101 F.3d 665, 667-68 (11th Cir. 1996).  "When reviewing a district court's grant of summary judgment, we must determine if genuine issues of material fact exist, viewing the evidence and all factual inferences in the light most favorable to the nonmoving party."  <u>Kizzire v. Baptist Health Sys., Inc.</u>, 441 F.3d 1306, 1308 (11th Cir. 2006).

In deciding whether to give state-court judgments preclusive effect under res judicata or collateral estoppel, we apply the state's law of preclusion.  <u>Cmty. State</u>

3

Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011).  Under Alabama law, the elements of res judicata are: (1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) with substantial identity of the parties; and (4) with the same cause of action presented in both actions.  Kizzire, 441 F.3d at 1308.  A judgment is "on the merits" if it "amounts to a decision as to the respective rights and liabilities of the parties."  Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church, 761 So. 2d 975, 978 (Ala. 1999) (quotation omitted).  If the parties had a full legal opportunity to be heard on their respective claims, a judgment is on the merits even if no hearing on the facts is held.  Id.  "The denial of a motion for permissive intervention or for intervention as of right is an adjudication disposing of a case or controversy."  Id. (holding that res judicata precluded a church faction from again moving to intervene to challenge a settlement agreement where the faction had the opportunity to present its position in the first motion and the trial court had sufficient information to reach an informed decision).

"Substantial identity" under Alabama law requires that the parties be identical or in privity with a party to a prior action, and privity requires an identity of interest in the subject matter of litigation.  Greene v. Jefferson Cty. Comm'n, 13 So. 3d 901, 912 (Ala. 2008).  Privity, for the purposes of res judicata and collateral estoppel, is often deemed to arise from the mutual or successive relationship to the same rights of property.  Stewart v. Brinley, 902 So. 2d 1, 11 (Ala. 2004).

4

Alabama uses the substantial evidence test to determine whether two causes of action are the same for res judicata purposes. Kizzire, 441 F.3d at 1309. Under this test, res judicata applies when the same evidence substantially supports both actions. Id. The Supreme Court of Alabama has explained:

> [I]t is well-settled that the principal test for comparing causes of action for the application of res judicata is whether the primary right and duty or wrong are the same in each action. Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.

Id. (quoting Old Republic Ins. Co. v. Lanier, 790 So. 2d 922, 928 (Ala. 2000)).

Under Alabama law, collateral estoppel applies when (1) the issue in a prior action was identical to the issue litigated in the present action; (2) the issue was actually litigated in the prior action; (3) resolution of the issue was necessary to the prior judgment; and (4) the same parties are involved in the two actions. Walker v. City of Huntsville, 62 So. 3d 474, 487 (Ala. 2010). The fourth element, known as the doctrine of mutuality of estoppel, "may be satisfied by less than a perfect identity of the parties in the first and second action, as when particular parties are in privity." Ex parte Flexible Prods. Co., 915 So. 2d 34, 45 (Ala. 2005).

Alabama law also provides that "[a]ll conveyances of real property, deeds, mortgages, deeds of trust, or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees, and judgment creditors without notice, unless the same have been

recorded before the accrual of the right of such purchasers, mortgagees, or judgment creditors." Ala. Code. § 35-4-90(a). The Alabama Supreme Court has held that Ala. Code. § 35-4-90(a) gave judgment creditors priority over earlier executed deeds that had not been recorded only when the creditor records its certificate of judgment without actual or constructive knowledge of the conveyance. Baldwin Cty. Fed. Sav. Bank v. Cent. Bank of the S., 585 So. 2d 1279, 1281 (Ala. 1991) (explaining that the judgment creditor's rights attached upon the act of recording its judgment).

Here, the district court did not err in granting summary judgment in favor of Roar because Ball's claim asserting his ownership of the Property was barred by res judicata. For starters, the denial of Robinson's motion to intervene in the First Case was a final adjudication on the merits because the state court was required to render a decision as to the respective rights of the parties in deciding that motion. See Mars Hill, 761 So. 2d at 978. Like the church faction in Mars Hill, the parties in the prior cases were given the opportunity to be heard on their respective claims, and the trial court had sufficient information to arrive at an informed decision. See id.

As for the substantial identity of the parties, the district court did not err in finding that Ball was in privity with Robinson. Ball was Robinson's purported successor in title, and Robinson was a party in the prior cases. See Stewart, 902 So. 2d at 11; Greene, 13 So. 3d at 912. To the extent Ball is attempting to separate his status as Robinson's successor from privity, he cannot have it both ways. Under

6

Alabama law, Ball is either Robinson's successor and, therefore, in privity with her for the purposes of res judicata and collateral estoppel, or he is not. See Stewart, 902 So. 2d at 11; Flexible Prods., 915 So. 2d at 45. If he is not Robinson's successor, then Ball has no basis for asserting his ownership of the Property in the first place.

Nor did the district court err in holding that both suits involved the same cause of action. As the district court said, the "nucleus of operative facts here pertains to the dispute over title ownership of the subject property" and "[w]hether Robinson's title in the Property was superior to [Allen Development's] was litigated in the prior lawsuits and she lost." See Kizzire, 441 F.3d at 1309. The state court determined that Allen Development could execute the writ of execution and denied Robinson's motion to quash it and her objection to the sale of the Property because her "corrected" deed was recorded after Allen Development perfected its judgment lien. So even if the corrected deed from Mathews to Robinson was valid, because it was recorded after Allen Development recorded its certificate of judgment, Robinson's claimed interest in the Property was subordinate to Allen Development's. Consequently, the same is true of Ball's alleged interest in the Property. See Baldwin, 585 So. 2d at 1281; Ala. Code § 35-4-90(a). To prevail in the First and Second Cases, Robinson had to show the same evidence that Ball was required to show here, i.e., that her corrected deed was not subordinate to Allen Development's lien. Thus, the causes of action are the same for the purposes of res judicata.

7

The district court also properly concluded, in the alternative, that Ball's suit was barred by collateral estoppel.  To the extent Ball claims that he, Mathews, and Robinson were "deprived of the opportunity to argue that under Alabama law, the corrective deed was proper," we disagree.  The undisputed record reveals that Robinson received a hearing in the First Case and did, in fact, make the arguments Ball now raises to us.  Robinson claimed she was the rightful owner of the Property based on the corrected deed, but her arguments were rejected because, under Alabama law, even if the deed had been properly corrected, Allen Development had superior title because its rights attached when it recorded the certificate of judgment without notice.  See Ala. Code § 35-4-90(a); Baldwin, 585 So. 2d at 1281.  Ball's claimed interest is premised solely upon Robinson's alleged ownership of the Property, and the state court's citations to § 35-4-90(a) and Baldwin establish that it necessarily decided that issue in the First Case.  See Walker, 62 So. 3d at 487; Baldwin, 585 So. 2d at 1281.  As the state trial court held in the Second Case, both it and the Alabama Supreme Court on appeal had already addressed Robinson's claimed ownership.  By the time the Second Case was decided, the Alabama courts had ruled that Robinson, and by extension, Ball, had no title to the Property.

**AFFIRMED**.

8